UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>              Plaintiff,<br><br>       v.<br><br>KERN VALLEY SUPERIOR COURT, et al.,<br><br>              Defendants. | No. 2: 20-cv-1665 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.  (ECF No. 13.)

    Named as defendants are California Medical Facility ("CMF") Dr. Bansal, CMF Dr. Shute, Kern Valley State Prison ("KVSP") "drug prescriber" Maya and KVSP psychiatrist Dr. Rauf.

    Plaintiff alleges that during a health care grievance interview on May 22, 2020, plaintiff told defendant Bansal about the harmful side effects of an anti-psychotic drug prescribed for plaintiff called Invega.  Plaintiff asked defendant Bansal to discontinue plaintiff's prescription for Invega because plaintiff is not psychotic.  Defendant Bansal denied plaintiff's request to discontinue Invega.

////

Plaintiff alleges that on June 1, 2020, he submitted a Health Care Request Form notifying defendant Shute that plaintiff had been assaulted and battered by a porter in his cell. In this form, plaintiff requested emergency medical care. Plaintiff alleges that defendant Shute did not respond to this form.

Plaintiff alleges that between July 14, 2020 and August 18, 2020, he submitted seven Health Care Services Emergency Requests to defendants Maya and Rauf requesting discontinuation of his Invega prescription due to harmful side effects. Defendants Maya and Rauf denied plaintiff's request to discontinue Invega.

Plaintiff alleges that he has suffered the following side effects from Invega: gynecomastia ducts, borderline diabetes, chest pain, heart palpitation, halitosis, baldness, etc.

Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits.")

Plaintiff's claim that defendant Shute denied plaintiff's request for emergency medical care following the alleged assault is unrelated to the other claims alleged in the amended complaint. For this reason, the undersigned finds that plaintiff's claims are improperly joined, in violation of Federal Rule of Civil Procedure 20. Accordingly, the undersigned recommends dismissal of plaintiff's claim against defendant Shute as improperly joined.

Plaintiff has stated potentially colorable Eighth Amendment claims against defendants Bansal, May and Rauf. The undersigned separately orders service of these defendants.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's claim against defendant Shute be dismissed as improperly joined.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 22, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.56