1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      BILLY DRIVER,                              No.  2:20-cv-1665 JAM KJN P

12                     Plaintiff,

13            v.                                   ORDER REFERRING CASE TO POST-
                                                   SCREENING ADR PROJECT AND
14      KERN VALLEY SUPERIOR COURT, et             STAYING CASE FOR 120 DAYS
        al.,
15
                       Defendants.
16

17

18            Plaintiff is a state prisoner, proceeding without counsel.  At least one defendant has

19      waived service of process.

20            The undersigned is referring all post-screening civil rights cases filed by pro se inmates to

21      the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such

22      cases more expeditiously and less expensively.  Defense counsel from the Office of the California

23      Attorney General has agreed to participate in this pilot project.  No defenses or objections shall be

24      waived by their participation.

25            As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights

26      claim.  Thus, the court stays this action for a period of 120 days to allow the parties to investigate

27      plaintiff's claims, meet and confer, and then participate in a settlement conference.

28            There is a presumption that all post-screening civil rights cases assigned to the

                                                   1

1   undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's

2   claims and speaking with plaintiff, and after conferring with defense counsel's supervisor,

3   defense counsel in good faith finds that a settlement conference would be a waste of resources,

4   defense counsel may move to opt out of this pilot project.

5        Within thirty days, the assigned Deputy Attorney General shall contact the Courtroom

6   Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference.  If

7   difficulties arise in scheduling the settlement conference due to the court's calendar, the parties

8   may seek an extension of the initial 120 day stay.

9        Once the settlement conference is scheduled, at least seven days prior to conference, the

10  parties shall submit to the assigned settlement judge a confidential settlement conference

11  statement.  The parties' confidential settlement conference statement shall include the following:

12  (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a

13  short procedural history; (d) an analysis of the risk of liability, including a discussion of the

14  efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made

15  to settle the case.

16       In accordance with the above, IT IS HEREBY ORDERED that:

17       1.  This action is stayed for 120 days to allow the parties an opportunity to settle their

18  dispute before a responsive pleading is filed, or the discovery process begins.  Except as provided

19  herein or by subsequent court order, no other pleadings or other documents may be filed in this

20  case during the stay of this action.  The parties shall not engage in formal discovery, but the

21  parties may elect to engage in informal discovery.

22       2.  Within thirty days from the date of this order, the assigned Deputy Attorney General

23  shall contact this court's Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule

24  the settlement conference.

25       3.  At least seven days prior to the settlement conference, each party shall submit a

26  confidential settlement conference statement, as described above, to the judge assigned for

27

28  [1]  If the case does not settle, the court will set a date for the filing of a responsive pleading at the conference.

1   settlement.

2        4.  If a settlement is reached at any point during the stay of this action, the parties shall file

3   a Notice of Settlement in accordance with Local Rule 160.

4        5.  The Clerk of the Court shall serve copies of (a) plaintiff's complaint (ECF No. 13), (b)

5   the screening order (ECF No. 14), and (c) the instant order, on Supervising Deputy Attorney

6   General Lawrence Bragg.

7        6.  The parties remain obligated to keep the court informed of their current address at all

8   times during the stay and while the action is pending.  Any change of address must be reported

9   promptly to the court in a separate document captioned for this case and entitled "Notice of

10  Change of Address."  See L.R. 182(f).

11  Dated:  April 2, 2021

12

13  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

14

15  driv1665.adr.post.waiver

16

17

18

19

20

21

22

23

24

25

26

27

28