| | |
|---|---|
| BILLY DRIVER, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | No. 2: 20-cv-1665 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's request for judicial notice and motion for return of legal books. (ECF Nos. 32, 33.)

For the reasons stated herein, plaintiff's request for judicial notice, construed as a motion for a preliminary injunction, should be denied. For the reasons stated herein, the undersigned orders defendants to file a response to plaintiff's motion for return of legal books.

<u>Request for Judicial Notice</u>

This action proceeds on plaintiff's amended complaint against defendants Bansal, employed at the California Medical Facility ("CMF"), and Dr. Rauf and May, employed at Kern Valley State Prison ("KVSP"). Plaintiff alleges that these defendants violated the Eighth Amendment when they denied plaintiff's request to discontinue his prescription for the anti-

1

psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused plaintiff to suffer harmful side effects.

Plaintiff is currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California.

In the pending request for judicial notice, plaintiff alleges that prison officials CHCF denied him COVID-19 approved packages purchased for plaintiff by his mother. (ECF No. 32 at 2.) Plaintiff alleges that he needs the food in the packages because prison officials removed food from his food tray. (Id.) The undersigned construes plaintiff's request for judicial notice as a request for injunctive relief.

"A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, (2008).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." DeBeers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). The underlying claims on which this action proceeds are unrelated to the claims raised in plaintiff's request for judicial notice. For this reason, plaintiff's request for judicial notice, construed as a motion for a preliminary injunction, should be denied.

Motion for Return of Legal Books

Plaintiff requests that his legal property, law books, dictionary and California Department of Corrections and Rehabilitation ("CDCR") approved tablet be returned to him. The undersigned is concerned that plaintiff will be unable to prosecute this action if he is denied access to his legal property related to this case. Accordingly, defense counsel is directed to contact the Litigation Coordinator at CHCF and inform the court of what access, if any, plaintiff presently has to his legal property related to this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Defense counsel shall contact the Litigation Coordinator at CHCF to determine whether plaintiff has access to his legal property related to this case;

2. Within fourteen days of the date of this order, defense counsel shall file and serve a statement reflecting the findings of such inquiry; and

IT IS HEREBY RECOMMENDED that plaintiff's request for judicial notice (ECF No. 32), construed as a motion for a preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2021

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.ord(2)