UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BILLY DRIVER, JR., | No. 2: 20-cv-1665 JAM KJN P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KERN COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 39.) For the reasons stated herein, the undersigned recommends that defendants' motion be denied.

Discussion

*Legal Standard*

    The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis:

////

1

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting Blakely v. Wards, 738 F.3d 607, 638 (4th Cir. 2013)).

*Plaintiff's 28 U.S.C. § 1915(g) Strikes*

In the pending motion, defendants cite six cases they claim qualify as strikes pursuant to 28 U.SC. § 1915(g). (ECF No. 39-1 at 6-7.) The undersigned need not examine all six cases because four of the cases cited by defendants qualify as strikes.

On September 16, 2009, the district court dismissed Driver v. Martel, 2:08-cv-1910 GEB EFB P, for failure to state a claim for relief. (ECF No. 40 at 34-35). Therefore, case 08-cv-1910 is a strike pursuant to 28 U.S.C. § 1915(g).

On April 14, 2014, in Driver v. Zamora, 2:14-cv-2170 BRO (AGR), the magistrate judge dismissed plaintiff's complaint for failure to state a claim for relief with leave to amend. (Id. at

40 at 66-73.)  On July 14, 2014, the magistrate judge recommended that case 14-cv-2170 be dismissed based on plaintiff's failure to file an amended complaint and on the grounds that the original complaint failed to state a claim for relief.  (Id. at 74-81.)  On August 21, 2014, the district court adopted the July 14, 2014 recommendations and dismissed case 14-cv-2170.  (Id. at 82.)  Therefore, case 14-cv-2170 is a strike pursuant to 28 U.S.C. § 1915(g).  See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).")

On August 9, 2012, in Driver v. Kelso, 2:11-cv-2397 P, Magistrate Judge Brennan dismissed plaintiff complaint for failure to state a claim with leave to amend.  (ECF No. 40 at 41-48.)  On September 12, 2012, Magistrate Judge Brennan dismissed case 11-cv-2397 after plaintiff failed to file an amended complaint.  (Id. at 49-50.)  Therefore, case 11-cv-2397 is a strike pursuant to 28 U.S.C. § 1915(g).  Harris v. Mangum, supra.

Magistrate Judge Brennan exceeded his authority in dismissing case 11-cv-2397 by order because not all parties consented to magistrate judge jurisdiction.  Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) (holding that magistrate judges require consent from all parties before they have authority to issue dispositive rulings).  However, case 11-cv-2397 qualifies as a § 1915(g) strike because Magistrate Judge Brennan issued his order dismissing this case before Williams was decided.  Hoffman v. Pulido, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (ruling that a magistrate judge dismissal before Williams was a § 1915(g) strike).

On September 5, 2012, Magistrate Judge Brennan dismissed Driver v. Epp, 2:12-cv-589 EFB P, for failure to state a claim.  (ECF No. 40 at 54-58.)  Therefore, case 12-cv-589 is a strike pursuant to 28 U.S.C. § 1915(g).  Hoffman, supra.

*Does Plaintiff Meet the Imminent Danger Exception to 28 U.S.C. § 1915(g)?*

In his opposition to the pending motion, plaintiff does not dispute that he has at least three prior strikes pursuant to 28 U.S.C. § 1915(g).  Plaintiff argues that he meets the imminent danger exception based on assaults by prison guards.  (ECF No. 56 at 1-2.)

////

3

There must be a nexus between the allegations of imminent danger and the civil rights action. See Williams v. Passini, 2018 WL 4215972, at *2 (E.D. Cal. Sept. 5, 2018) (citing Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009).) As discussed herein, this action proceeds on plaintiff's claims alleging that defendants violated the Eighth Amendment by prescribing the medication Invega which caused plaintiff to suffer harmful side effects. Plaintiff's claims regarding alleged assaults by guards are unrelated to the claims on which this action proceeds. For this reason, the undersigned finds that plaintiff has not demonstrated a nexus between the imminent danger alleged in his opposition and his claims against defendants.

In the pending motion, defendants argue that plaintiff's claims regarding the side effects he suffered as a result of taking Invega do not meet the imminent danger exception. The undersigned herein considers this issue.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The determination of whether plaintiff is in imminent danger of serious physical injury is determined at the time of filing the complaint, and is not reevaluated based on allegations in an amended complaint. See, e.g., Bradford v. Usher, 2019 WL 4316899, at *4 (E.D. Cal. Sept. 12, 2019) ("imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action and that a determination that the imminent danger exception has

4

been satisfied need not be subsequently reexamined until and unless an appeal is filed."); Simmons v. Wuerth, 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2, 2020) (Section 1915(g)'s imminent danger "exception applies if the *complaint* makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing") (citing Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis in original)).

Plaintiff filed this action on August 19, 2020. (ECF No. 1.) At that time, plaintiff was housed at Kern Valley State Prison ("KVSP"). (Id.) In the original complaint, plaintiff appeared to allege that he was over medicated with psychiatric medication and suffering side effects and physical injuries as a result of the alleged over medication. (ECF No. 9 at 3.) Plaintiff alleged that in July 2020 he filed habeas corpus petitions challenging the over medication. (Id.)

On September 15, 2020, the undersigned dismissed plaintiff's complaint with leave to amend. (Id. at 7.) In relevant part, the undersigned directed plaintiff to describe the side effects of the psychiatric medication and to address what he told defendants about the side effects in an amended complaint. (Id. at 5.)

Plaintiff was still housed at KVSP when he filed the amended complaint on September 28, 2020. (ECF No. 13.)

On January 22, 2021, the undersigned ordered service of the amended complaint as to defendants Dr. Bansal, employed at the California Medical Facility ("CMF"), and psychiatrist Dr. Rauf and "drug prescriber" Maya, both at KVSP. (ECF No. 14). The undersigned found that plaintiff stated potentially colorable Eighth Amendment claims based on his allegations that defendants denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused plaintiff to suffer harmful side effects. (Id.) In the amended complaint, plaintiff described the harmful side effects as gynecomastia[1], borderline diabetes, chest pains, heart palpitations, halitosis and baldness.[2] (ECF No. 13 at 3.)

---

[1] In the pending motion, defendants state that gynecomastia is a condition of enlargement of the breast tissue in men and boys. (ECF No. 39-1 at 3.)

[2] In the amended complaint, plaintiff also claimed physical assaults by officers as an injury.

5

In the motion to revoke plaintiff's in forma pauperis status, defendants argue that plaintiff failed to plead facts sufficient to support a plausible inference that the medication Invega posed a substantially serious risk of harm that was imminent when he filed suit. (ECF No. 39-1 at 7.) Defendants also argue that plaintiff failed to plausibly allege that defendants' actions in allowing him to remain on Invega posed a serious risk. (Id.)

Defendants argue that in his initial complaint, plaintiff alleged that he experienced only "physical harm" and "side effects." (Id.) Defendants argue that in the initial complaint, plaintiff did not indicate which side effects he was experiencing. (Id.) Defendants argue that plaintiff attached to the original complaint a grievance requesting to be taken off an involuntary medication order under California Penal Code § 2602. (Id.) The institution evaluated his claim, and noted that an administrative law judge had determined by clear and convincing evidence that plaintiff had a mental illness and disorder; that there was no less intrusive alternative to involuntary medication; and that the medication was in plaintiff's best interest. (Id.)

Defendants argue that in the amended complaint, plaintiff's general assertion that Invega is "highly toxic" does not demonstrate that an imminent risk or harm existed when he brought suit. (Id. at 8.) Defendants argue that plaintiff does not explain how the alleged side effects, particularly gynecomastia, halitosis and baldness—were likely to cause serious harm. (Id.) Defendants contend that the involuntary medication statute prescribes specific criteria for the involuntary medication of inmates: among other requirements, CDCR may only initiate involuntary medication proceedings once a psychiatrist has determined that the inmate has a serious mental disorder and the psychiatrist prescribing psychiatric medication to treat the disorder must have "considered the risks, benefits, and treatment alternatives to involuntary medication…and determined that the treatment alternatives to involuntary medication are unlikely to meet the needs of the patient." (Id. (quoting California Penal Code § 2602(c)(1)-(3).)

---

(ECF No. 13 at 3.) Plaintiff did not describe how Invega caused him to suffer assaults by officers. This injury may be related to the previously dismissed claim alleging that defendant Shute failed to respond to plaintiff's request for emergency care after plaintiff was assaulted by a porter. (ECF No. 22.) For these reasons, the undersigned finds that plaintiff's claim that he suffered alleged assaults by officers is unrelated to his claim regarding Invega.

6

Defendants argue that this law suggests that even if plaintiff experienced side effects, medical professionals concluded that the benefits outweighed the risks. (Id.)

Defendants also argue that the response to plaintiff's health care grievance, attached to the operative complaint, indicates that plaintiff met with defendant Rauf to discuss the side effects of his medication and ultimately agreed to continue psychotropic medication. (Id.) Defendants contend that the response to plaintiff's grievance states that plaintiff's medical condition would continue to be monitored. (Id. at 8-9.) Defendants contend that the failure of individuals reviewing the grievance to note a serious risk with respect to the medication further suggests that plaintiff does not meet the imminent danger exception. (Id. at 9.)

Finally, defendants argue that plaintiff did not include facts regarding whether he was still taking Invega at the time he filed the first amended complaint. (Id.)

Having considered defendants' arguments set forth above, the undersigned makes the following findings. First, as discussed above, to meet the imminent danger exception, plaintiff must demonstrate that he faced an imminent danger of serious physical injury at the time he filed the original complaint. Attached to the amended complaint is a Health Care Services Request Form dated August 17, 2020, asking defendant Rauf to discontinue Invega because it caused plaintiff to suffer heart palpitations and borderline diabetes. (ECF No. 13 at 15.) Therefore, plaintiff has demonstrated that he was taking Invega, and suffering at least some of the alleged side effects, on or around the time he filed the original complaint on August 19, 2020.

The undersigned next considers whether the alleged side effects plaintiff suffered on or around the time he filed his complaint amount to "imminent danger of serious physical injury."

As stated above, in the amended complaint, plaintiff describes the side effects of Invega as gynecomastia, borderline diabetes, chest pains, heart palpitations, halitosis, baldness, etc. The undersigned agrees with defendants that the side effects of halitosis and baldness do not amount to serious physical injury. It is unclear whether gynecomastia is a serious physical injury. However, the undersigned finds that plaintiff's claim that Invega caused him to suffer borderline diabetes, chest pains and heart palpitations meets the imminent danger exception to 28 U.S.C. § 1915(g). See Bradford v. Marchak, 667 Fed.Appx. 616, at *617 (9th Cir. 2016) ("Bradford

plausibly alleged 'imminent danger of serious physical injury' given his allegations of chest pain, dizziness, blurred vision and headaches from ongoing involuntary psychotropic medication.").

The undersigned is not persuaded by defendants' argument that plaintiff does not meet the imminent danger exception because the legal standards in the involuntary medication statute require consideration of the side effects of the prescribed medication. The order for plaintiff to be involuntarily medicated does not necessarily undermine plaintiff's claim that Invega caused him to suffer harmful side effects.

Defendants are correct that the September 12, 2020 Institutional Level Response to plaintiff's grievance states that after meeting with defendant Rauf on August 23, 2020, plaintiff agreed to continue on "psychotropic medication." (ECF No. 13 at 38.) Plaintiff's alleged agreement to continue "psychotropic medication" on August 23, 2020 does not necessarily undermine his claim that Invega caused him to suffer harmful side effects.

For the reasons discussed above, the undersigned finds that plaintiff meets the imminent danger exception to 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 39) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.dis

8