UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No.  2:20-cv-1665 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KERN COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 15, 2021, the magistrate judge recommended that defendants' motion to revoke plaintiff's in forma pauperis status be denied on the grounds that plaintiff met the imminent danger exception to 28 U.S.C. § 1915(g).  (ECF No. 63.)  Plaintiff did not file objections.  The undersigned herein addresses defendants' objections to the July 15, 2021 findings and recommendations.  (ECF No. 69.)

This action proceeds on plaintiff's amended complaint filed September 28, 2020 against defendants Bansal, Rauf and Maya.  (ECF No. 13.)  Plaintiff alleges that defendants violated the Eighth Amendment when they denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that

1

1  the medication caused plaintiff to suffer harmful side effects.  (ECF No. 13.)

2  The magistrate judge found that plaintiff met the imminent danger exception to 28 U.S.C. § 1915(g) based on plaintiff's allegations in the amended complaint that the anti-psychotic medication caused him to suffer harmful side effects including, in relevant part, borderline diabetes, chest pains and heart palpitations.[1]  (ECF No. 63 at 7-8.)  In support of this finding, the magistrate judge cited Bradford v. Marchak, 667 Fed.Appx. 616, *617 (9th Cir. 2016).  (Id. at 7.)  In Bradford, the Ninth Circuit reversed a district court judgment denying the plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  The Ninth Circuit found that, "Bradford plausibly alleged 'imminent danger of serious physical injury' given his allegations of chest pain, dizziness, blurred vision and headaches from ongoing involuntary psychotropic medication."  667 Fed.Appx. at *617.

In the objections, defendants argue that the magistrate judge erred in finding that plaintiff met the imminent danger exception based on allegations in the amended complaint.  Defendants suggest that the magistrate judge should have only considered the arguments raised in plaintiff's opposition, which did not demonstrate the imminent danger exception.

As discussed in the findings and recommendations, in his opposition, plaintiff argued that he met the imminent danger exception based on assaults by guards.  (ECF No. 63 at 3.)  The magistrate judge found that plaintiff's claim regarding assaults by guards did not meet the imminent danger exception because it was unrelated to the claims on which this action proceeds.  (Id. at 4.)

The undersigned finds that the magistrate judge did not err in considering the allegations in the amended complaint in determining whether plaintiff met the imminent danger exception.

Defendants also argue that plaintiff's allegations regarding imminent danger are implausible.  Defendants argue that plaintiff did not describe consistent side effects in his complaints to prison officials in the grievances attached to the amended complaint.  Defendants

---

[1]  The magistrate judge found that the side effects of halitosis and baldness do not amount to serious physical injury.  The magistrate judge found that it was unclear whether gynecomastia is a serious physical injury.

2

argue that the only side effects plaintiff complained of in his related grievances were baldness, erectile dysfunction, weight gain and gynecomastia.

In the findings and recommendations, the magistrate judge cited a Health Care Services Request Form dated August 17, 2020 (attached to the amended complaint) in which plaintiff asked defendant Rauf to discontinue Invega because it caused plaintiff to suffer heart palpitations and borderline diabetes.  (ECF No. 13 at 5; ECF No. 63 at 7.)  The undersigned notes another Health Care Services Request Form attached to the amended complaint dated August 14, 2020 in which plaintiff complained of chest pain, heart palpitations and borderline diabetes.  (ECF No. 13 at 14.)  Plaintiff attached another Health Care Services Request Form to the amended complaint dated August 18, 2020 complaining of heart palpitations, borderline diabetes and gynecomastia.  (Id. at 16.)  In another Health Care Services Form attached to the amended complaint dated July 30, 2020, plaintiff complains of heart palpitations and chest pain.  (Id. at 20.)

Based on the Health Care Services Request Forms discussed above, the undersigned is not persuaded by defendants' argument that plaintiff's failure to complain about consistent side effects in his grievances renders his claims of imminent injury implausible.

Defendants also argue that plaintiff's allegations of imminent harm are implausible given the legal requirements that had to be met before he could be involuntarily medicated.  The magistrate judge found that the order for plaintiff to be involuntarily medicated did not necessarily undermine plaintiff's claim that Invega caused harmful side effects.  (ECF No. 63 at 8.)

In the objections, defendants cite California Penal Code section 2602(c)(8) requiring, as a basis for involuntary medication orders, that an administrative law judge determine that the medication is in the inmate's medical best interest.  Whether an involuntary medication order pursuant to California Penal Code section 2602(c)(8) precludes a finding of imminent physical injury based on the side effects of the medication prescribed is an issue that may be developed at a later stage of this litigation.  The undersigned also observes that the plaintiff in Bradford, supra, appears to have been subject to an involuntary medication order and the Ninth Circuit found that

he met the imminent danger exception.[2]

Defendants also argue that the magistrate judge failed to consider plaintiff's allegations in Driver v. Gibson, 2: 20-cv-0642 KJM DMC P, which is premised on similar claims.[3] In 20-cv-642, plaintiff alleges that in February 2020, an administrative law judge ordered that plaintiff be involuntarily medicated with Invega.[4] (See 20-cv-642 at ECF No. 30 at 3.) Defendants argue that the timeline in 20-cv-642 indicates that plaintiff was taking the same psychotropic medication months before his interactions with defendants in the instant action. Defendants argue that these circumstances undercut any claim of imminent harm with respect to the treatment challenged in the instant action.

As observed by the magistrate judge in the findings and recommendations, to meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see also Andrews v. Cervantes, 493 F.3d 1047, 1055-57 (9th Cir. 2007) (a danger may be imminent if it is ongoing: "a prisoner who alleges that prison officials continue with a practice that has injured him or other similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three strikes exception.")

While plaintiff may have been taking Invega for several months before he filed this action

---

[2] The undersigned also observes that § 1915(g) "indicates that we should not make an overly detailed inquiry into whether the allegations qualify for the exception." Andrews, 493 F.3d at 1055. "Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id.

[3] Defendants contend that the Magistrate Judge "declined to consider" plaintiff's allegations regarding 20-cv-642 raised in plaintiff's "first opposition" to the pending motion, i.e., ECF No. 55. (ECF No. 69 at 7.) In the document filed June 16, 2021, identified by defendants as plaintiff's "first opposition," plaintiff complained that prison officials denied him access to the court. (ECF No. 55 at 1.) In this pleading, plaintiff briefly addressed the pending motion. (Id. at 2-3.) On July 21, 2021, plaintiff filed a pleading clearly labeled, "Opposition to Defendants' Motion to Revoke Plaintiff's In Forma Pauperis." (ECF No. 56.) Defendants' characterization of plaintiff's June 16, 2021 pleading as his "first opposition" is not entirely accurate.

[4] Named as defendants in 20-cv-642 are the Office of Administrative Law, Hearing Officers Gibson and Hoover and California Medical Facility Dr. Hahn. (20-cv-642 at ECF No. 30 at 2.) On August 30, 2021, Magistrate Judge Cota dismissed plaintiff's amended complaint with leave to amend. (Id. at ECF No. 49.)

on August 19, 2020, plaintiff's allegations regarding the ongoing side effects of Invega satisfy the ongoing danger standard and meet the imminence prong of the three strikes exception.

Defendants also argue that plaintiff's complaint in 20-cv-642 does not address some of the side effects he complains of in the instant action, suggesting that his condition was not so significant as to cause serious harm. In 20-cv-642, the original complaint filed March 25, 2020 described the side effects of Invega as 1) gynecomastia; 2) painful injections; 3) hard, oily black stools; and 4) possible diabetes. (20-cv-642 at ECF No. 1 at 3.) The amended complaint in 20-cv-642, filed September 4, 2020, described the side effects as 1) gynecomastia; 2) painful injections; 3) weight gain; and 4) heart palpitations. (Id. at ECF No. 30 at 3.)

At this time, the undersigned does not find that plaintiff's failure to mention chest pains as a side effect of Invega in 20-cv-642 renders plaintiff's description of side effects in the instant action not credible.

Finally, in the objections defendants observe that on June 14, 2021 in Driver v. CHCF, 21-cv-744 EFB TLN P, Magistrate Judge Brennan found that plaintiff did not meet the imminent danger exception based on similar allegations.[5] In 21-cv-744, Magistrate Judge Brennan found,

> In this case, plaintiff complains that he is being forcibly medicated. ECF No. 1 at 2. Plaintiff alleges that the psychotropic drugs are "literally killing" him, but the side effects he lists do not suggest this is the case. See id. at 2 (listing heart palpitations, baldness, halitosis, gynecomastia, hard black oily stool, and borderline diabetes). The complaint fails to allege that plaintiff was under an imminent danger of serious physical injury when he filed this action.

(21-cv-744 at ECF No. 7 at 2.)

On August 6, 2021, the Honorable Troy L. Nunley adopted the findings and recommendations issued by Magistrate Judge Brennan on June 14, 2021. (Id. at ECF No. 8.)

In 21-cv-744, the court found that plaintiff did not meet the imminent danger exception because plaintiff's allegation that the psychotropic drugs were "literally killing" him was not demonstrated by plaintiff's description of the side effects alone. In contrast, in the instant case, the magistrate judge found that plaintiff's description of some of the side effects, including chest

---

[5] Magistrate Judge Brennan filed his findings and recommendations in 21-744 after defendants filed their pending motion.

pain which was not mentioned in 21-744, met the imminent danger exception.  In other words, the magistrate judge's finding of imminent danger was not based on whether plaintiff demonstrated that the side effects of Invega were "literally killing" him.  The undersigned also observes that the court in 21-cv-744 did not discuss Bradford v. Marchak, supra.[6]  For these reasons, the undersigned is not persuaded by defendants' citation to 21-744.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[7]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 15, 2021, are adopted in full;

2. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 39) is denied;

3. Defendants shall file a response to the amended complaint within thirty days of the date of this order.

Dated:  October 19, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

---

[6] Defendants do not address Bradford v. Marchak, supra, in their objections.  The undersigned finds this case, although unpublished, persuasive.

[7] If the instant action, 20-cv-642 and 21-744 all proceed, the court may consider consolidating these cases.