UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2: 20-cv-1665 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KERN COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Plaintiff's Requests to Utilize Electronic Filing

Plaintiff filed four requests to utilize electronic filing. (ECF Nos. 67, 76, 77, 79.) On June 9, 2021, the undersigned denied plaintiff's previous request to utilize electronic filing. (ECF No. 48.) For the reasons stated in the June 9, 2021 order, plaintiff's pending requests to utilize electronic filing are denied.

Plaintiff's Request to Use a Computer Tablet

Plaintiff requests that the court order an investigation into why he is not allowed to use his computer tablet. (ECF No. 65.) When plaintiff filed this request, he was housed at the California Health Care Facility ("CHCF"). On October 12, 2021, plaintiff filed a notice of change of

address indicating that he is now housed at Kern Valley State Prison ("KVSP").

Because plaintiff is no longer housed at CHCF, his request for an investigation into why prison officials at CHCF will not let him use his computer tablet is moot. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, plaintiff's request for an investigation into why CHCF prison officials will not allow him to use his computer tablet is denied as moot.

Plaintiff's Requests for an Investigation into Mail Tampering

Plaintiff filed three requests for an order directing an investigation into mail tampering. (ECF Nos. 67, 75, 76.) When plaintiff filed these requests, he was housed at CHCF. Because plaintiff is no longer housed at CHCF, his requests for an investigation into mail tampering at CHCF are moot. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, plaintiff's requests for an investigation into mail tampering by CHCF officials are denied as moot.

Plaintiff's Requests for a Settlement Conference

Plaintiff filed three requests for a settlement conference. (ECF Nos. 68, 71, 75.) The court will set a settlement conference if all parties consent to participate. The defendants have not consented to participate in a settlement conference. Accordingly, plaintiff's requests for a settlement conference are denied without prejudice to a joint request.

Plaintiff's Request for Special Verdicts Pursuant to Rule 49(a)

Plaintiff requests special verdicts pursuant to Federal Rule of Civil Procedure 49(a). (ECF No. 75.) Plaintiff's request for special verdicts is denied as premature because this action has not been set for trial.

Plaintiff's Request for a Ruling on the July 15, 2021 Findings and Recommendations

Plaintiff requests that the court rule on the July 15, 2021 findings and recommendations. (ECF No. 79.) On October 20, 2021, the Honorable John A. Mendez adopted the July 15, 2021 findings and recommendations. (ECF No. 84.) Accordingly, plaintiff's request for the court to rule on the July 15, 2021 findings and recommendations is denied as moot.

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's pending motions (ECF Nos. 65, 67, 68, 71, 75, 76, 77, 79), as discussed in this order, are denied.

Dated: October 22, 2021

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.ord(3)