UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2: 20-cv-1665 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KERN COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's September 13, 2021, and October 15, 2021, motions to be taken off anti-psychotic medication.  (ECF Nos. 77, 83.)  The undersigned construes these motions as motions for injunctive relief.  On September 23, 2021, and October 29, 2021, defendants filed oppositions to these motions.  (ECF Nos. 80, 86.)

    For the reasons stated herein, defendants are ordered to file a supplemental opposition to plaintiff's motions to be taken off anti-psychotic medication.

Background

    This action proceeds on plaintiff's amended complaint against defendants Bansal, Dr. Rauf and May.  (ECF No. 13.)  Defendant Bansal is employed at the California Medical Facility ("CMF").  Defendants Dr. Rauf and May are employed at Kern Valley State Prison ("KVSP").

1

(ECF No. 13.) Plaintiff alleges that these defendants violated the Eighth Amendment when they denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused harmful side effects including chest pain, borderline diabetes, heart palpitations and gynecomastia (enlargement of breast tissue). (ECF No. 13 at 3.)

Discussion

When plaintiff filed his first pending motion on September 13, 2021, he was housed at the California Health Care Facility ("CHCF"). On October 12, 2021, plaintiff filed a notice of change of address indicating that he is now housed at KVSP, where two defendants are located. (ECF No. 82.) Therefore, defendants are capable of responding to the pending motions.

In the pending motions, plaintiff requests that he be taken off all anti-psychotic drugs. As discussed above, in the amended complaint, plaintiff challenges the prescription for Invega rather than all anti-psychotic drugs. "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying claim." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

The side effects plaintiff complains of in the amended complaint are allegedly caused by Invega. For this reason, the undersigned does not find that plaintiff's request to be taken of all anti-psychotic medication is sufficiently related to his claim challenging the side effects of Invega. Accordingly, the undersigned construes the pending motions as requests to be taken off Invega only.

In the opposition filed September 23, 2021, defendants argue, in part, that the court should deny plaintiff's motion because it is not supported by competent evidence. (ECF No. 80 at 5.) Defendants argue that plaintiff is not qualified to opine regarding the cause of his alleged symptoms. (Id.) The undersigned is not persuaded by this argument at this time.

Defendants also argue that the instant action is not the proper forum to raise plaintiff's claims because records show an administrative law judge authorized involuntary medication in April 2020 and April 2021. (Id.) The undersigned has reviewed the April 2020 and April 2021 orders authorizing involuntary administration of psychiatric medication to plaintiff, previously

submitted by defendants.  (ECF No. 35.)  Neither of these orders address the specific psychiatric medication defendants were authorized to administer to plaintiff.

Because plaintiff states a potentially colorable Eighth Amendment claim based on the side effects he allegedly suffers as a result of taking Invega, defendants are ordered to file a supplemental opposition to plaintiff's motions to be taken off Invega.  Cf. Townsend v. Hemela, 2020 WL 1026891, at *2 (E.D. Cal. March 3, 2020) (forcibly medicated civil detainee raises potentially colorable Fourteenth Amendment claim challenging exact drugs and dosages of drugs administered to him, as well as inattentiveness to the side effects he is suffering as a result of the forced medication.).

In the supplemental opposition, defendants shall address whether plaintiff is currently taking Invega.  If plaintiff is currently taking Invega, defendants shall address plaintiff's claims that he suffers side effects caused by Invega including borderline diabetes, chest pain, heart palpitations and gynecomastia.  Defendants shall address whether Invega can cause such side effects, and the severity of these side effects, if they are occurring.  Defendants shall address, if appropriate, whether steps have been taken to alleviate the alleged side effects.  Defendants shall address, if appropriate, whether alternative psychiatric medications may be prescribed in place of Invega.[1]

Accordingly, IT IS HEREBY ORDERED that defendants shall file a supplemental opposition to plaintiff's motions to be taken off anti-psychotic medication within twenty-one days of the date of this order.

Dated:  November 17, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.pi

---

[1] On November 9, 2021, plaintiff filed a pleading suggesting that Dr. Carrillo recently stopped plaintiff's psychiatric medication because of plaintiff's heart condition. (ECF No. 91.)   In that case, the pending motions may be moot.  However, because this matter is not clear, defendants are ordered to file the supplemental opposition discussed in this order.

3