UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | No. 2: 20-cv-1665 JAM KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Three matters are pending before the court.

<u>Plaintiff's Request for an Alternative Dispute Resolution Conference (ECF No. 96)</u>

    Plaintiff contends that he and defendants stipulated to participate in a settlement conference. Attached to plaintiff's request are two letters addressed to plaintiff from defense counsel dated May 18, 2021, and August 31, 2021. In these letters, defense counsel states that plaintiff's settlement proposal is rejected. The letters state that the parties can explore settlement later if the circumstances change.

    The undersigned previously informed plaintiff that the court will schedule a settlement conference if all parties agree to participate. The May 18, 2021, and August 31, 2021 letters do not demonstrate that defendants agreed to participate in a settlement conference. Accordingly,

plaintiff's request for a settlement conference, contained in his request for an alternative dispute resolution conference, is denied.

Plaintiff's Motion for Appointment of Counsel (ECF No. 97)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel is denied.

Plaintiff's Motion to Consolidate Cases (ECF No. 98)

Plaintiff appears to request that the instant action be consolidated with an action plaintiff filed in Los Angeles County Superior Court. The court is not authorized to consolidate this action with a case proceeding in state court. Devenny v. Lakewood Fire District 2, 2010 WL 11685177, at *2 (W.D. Wash. June 1, 2010) ("Neither the Priority of Action Doctrine nor Fed. R. Civ. P. 42(a) authorize a federal court to take a lawsuit filed in a state court and consolidate it with a lawsuit filed in a federal court…"); 9A C. Wright & A. Miller, Federal Practice and Procedure § 2382 (3d. ed. Nov. 2018) ("a court may not consolidate an action pending in federal court with an action pending in state court.").

////

Accordingly, plaintiff's motion to consolidate the instant action with his state court action is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an alternative dispute resolution conference (ECF No. 96) is denied;
2. Plaintiff's motion for appointment of counsel (ECF No. 97) is denied;
3. Plaintiff's request to consolidate cases (ECF No. 98) is denied.

Dated:  December 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.mot

3