1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BILLY DRIVER,                              No.  2: 20-cv-1665 JAM KJN P

12                  Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   KERN COUNTY SUPERIOR COURT, et
     al.,
15
                    Defendants.
16

17

18          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19   to 42 U.S.C. § 1983.  Pending before the court are plaintiff's September 13, 2021, and October

20   15, 2021 motions to be taken off anti-psychotic medication, construed as motions for injunctive

21   relief.  (ECF Nos. 77, 83.)  On November 18, 2021, the undersigned ordered defendants to file a

22   supplemental opposition to these motions.  (ECF No. 94.)  On December 8, 2021, defendants

23   filed a supplemental opposition.  (ECF No. 100.)

24          For the reasons stated herein, the undersigned recommends that plaintiff's motions to be

25   taken off anti-psychotic medication be denied.

26   Background

27          This action proceeds on plaintiff's amended complaint against defendants Bansal, Dr.

28   Rauf and Maya.  (ECF No. 13.)  Defendant Bansal is employed at the California Medical Facility

1    ("CMF").  Defendants Dr. Rauf and Maya are employed at Kern Valley State Prison ("KVSP").

2    (ECF No. 13.)  Plaintiff alleges that these defendants violated the Eighth Amendment when they

3    denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega

4    after plaintiff told defendants that he was not psychotic and that the medication caused harmful

5    side effects, including chest pain, borderline diabetes, heart palpitations and gynecomastia

6    (enlargement of breast tissue).  (Id. at 3.)

7         Plaintiff is currently incarcerated at KVSP.

8    Discussion

9         As discussed in the November 18, 2021 order, in the pending motions plaintiff requests to

10   be taken off all anti-psychotic drugs.  However, in the amended complaint, plaintiff challenges his

11   prescription for Invega rather than all anti-psychotic drugs.  "[T]here must be a relationship

12   between the injury claimed in the motion for injunctive relief and the conduct asserted in the

13   underlying claim."  Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631,

14   636 (9th Cir. 2015).

15        The side effects plaintiff complains of in the amended complaint are allegedly caused by

16   Invega.  For this reason, the undersigned finds that plaintiff's pending requests to be taken off all

17   anti-psychotic medication are not sufficiently related to his claim challenging the side effects of

18   Invega.  Accordingly, plaintiff's requests to be taken off all anti-psychotic medication, other than

19   Invega, should be denied.

20        In the supplemental opposition, defendants state that plaintiff received his final dose of

21   Invega, an anti-psychotic medication, on June 15, 2021, while he was housed at the California

22   Health Care Facility ("CHCF").  (ECF No. 100-1 at 2.)  Thereafter, plaintiff was prescribed

23   Haldol, another anti-psychotic medication, and continues on that medication to this day.  (Id.)

24        When a prisoner seeks injunctive relief concerning conditions at a prison, the prisoner's

25   claims for prospective injunctive relief are moot when the prisoner is "no longer subject to the

26   prison conditions or policies he challenges."  Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir.

27   2012).  Plaintiff's request to be taken off Invega is moot because plaintiff is no longer taking

28   Invega.

2

1       An exception to mootness are "wrongs capable of repetition yet evading review." Ctr. for

2    Biological Diversity v. Lohn, 511 F.3d 960, 964 (9th Cir. 2007).  A claim is "capable of

3    repetition, yet evading review" when (1) the challenged action is of limited duration, too short to

4    be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that

5    the same complaining party will be subjected to the same action again.  Porter v. Jones, 319 F.3d

6    483, 489–90 (9th Cir. 2003).

7       Based on the current record, the undersigned finds that there is not sufficient evidence to

8    find that there is a reasonable expectation that plaintiff will again be prescribed Invega.  However,

9    if plaintiff is again prescribed Invega, he may refile a motion to be taken off Invega.

10       Accordingly, for the reasons discussed above, plaintiff's requests to be taken off Invega

11    should be denied as moot.

12       On December 6, 2021, plaintiff filed another motion to be taken of anti-psychotic

13    medication.  (ECF No. 99.)  For the reasons discussed above, the undersigned recommends that

14    this motion be denied.

15       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions to be taken off

16    anti-psychotic medication (ECF Nos. 77, 83, 99) be denied.

17       These findings and recommendations are submitted to the United States District Judge

18    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19    after being served with these findings and recommendations, any party may file written

20    objections with the court and serve a copy on all parties.  Such a document should be captioned

21    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22    objections shall be filed and served within fourteen days after service of the objections.  The

23    parties are advised that failure to file objections within the specified time may waive the right to

24    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25    Dated:  December 13, 2021

26

27    Dr1665.pi(2)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

28

3