1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BILLY DRIVER, JR.,                          No.  2: 20-cv-1665 JAM KJN P

12                  Plaintiff,

13        v.                                     ORDER

14   KERN COUNTY SUPERIOR COURT, et
     al.,
15
                    Defendants.
16

17

18          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for sanctions.  (ECF No. 107.)

20   For the reasons stated herein, plaintiff's motion for sanctions is denied.

21   Background

22          This action proceeds on plaintiff's amended complaint against defendants Bansal, Dr.

23   Rauf and Maya.  (ECF No. 13.)  Defendant Bansal is employed at the California Medical Facility

24   ("CMF") and defendants Rauf and Maya are employed at Kern Valley State Prison ("KVSP").

25   Plaintiff alleges that defendants violated the Eighth Amendment when they denied plaintiff's

26   request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told

27   defendants that he was not psychotic and that the medication caused harmful side effects.

28   ////

                                                     1

1 | <u>Discussion</u>

2 |      In the pending motion, plaintiff moves for sanctions on the grounds that he is being denied

3 | law library access at KVSP.  (ECF No. 107.)  Plaintiff alleges that on January 6, 2022, Tower

4 | Guard Lopez gave plaintiff permission to go to the law library for copies, supplies and to conduct

5 | research.  (<u>Id.</u> at 2.)  Plaintiff alleges that when he arrived at the law library, Law Librarian

6 | Santiago told plaintiff that, per "O.P. 106," only inmates with Preferred Legal User ("PLU")

7 | status were allowed to come into the law library.  (<u>Id.</u>)  Inmates with PLU status have court-

8 | ordered deadlines.  (<u>Id.</u>)  Plaintiff did not have PLU status.  (<u>Id.</u>)  Plaintiff appears to request that

9 | the court grant him PLU status.  (<u>Id.</u>)

10 |      At the outset, the undersigned construes plaintiff's motion as a motion for protective

11 | order.  <u>Elmore v. Arong</u>, 2010 WL 796983, at *1-2 (E.D. Cal. March 5, 2010) (construing motion

12 | for law library access as motion for protective order as request was non-dispositive).

13 |      As a threshold matter, the court does not have jurisdiction to order the relief plaintiff

14 | seeks.  It does not appear that defendants Rauf or Maya have any control over matters related to

15 | the law library and Law Librarian Santiago is not named as a defendant.  <u>See</u> <u>Zenith Radio Corp.</u>

16 | <u>v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969) (this court is unable to issue an order

17 | against individuals who are not parties to a suit pending before it).

18 |      Turning to the merits of plaintiff's motion, in a suit pertaining to a prisoner's access to the

19 | law library, a successful claim requires a showing of "actual injury" resulting from a denial of

20 | access.  <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996).  To establish he suffered an actual injury,

21 | plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as

22 | the inability to meet a filing deadline or to present a claim."  <u>Id.</u> at 348.

23 |      Plaintiff does not allege that he risks missing any court deadline in the instant action due

24 | to inadequate law library access.  A review of the court docket reveals no pending deadlines for

25 | plaintiff.  Plaintiff does not allege that his ability to draft or research a specific motion in the

26 | instant action has been hindered due to inadequate law library access.  For these reasons, the

27 | undersigned finds that plaintiff has not demonstrated an actual injury based on alleged inadequate

28 | law library access.  The court cannot order prison officials to grant plaintiff PLU status, and law

library access, based on these circumstances.  See Hunter v. Fisher, 2020 WL 3493070, at *2

(E.D. Cal. Apr. 17, 2020) (denying request for law library access because, in part, "Plaintiff has

not alleged that he is at risk of missing any particular deadline in this action or that he is currently

attempting to draft or research a specific motion to be filed in this action, and the Court has no

pending motions filed by Defendants which would require the filing of a response from

Plaintiff.").

Accordingly, for the reasons discussed above, plaintiff's motion for sanctions based on

alleged inadequate law library access is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No.

107) is denied.

Dated:  January 19, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.san(2)

3