UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:20-cv-1665 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KERN COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. Plaintiff also requests that the court appoint an expert witness if the request for appointment of counsel is denied.

Request for Appointment of Counsel

Plaintiff requests that the court appoint the Federal Public Defender to represent him in this action. The Federal Public Defender does not represent parties in actions brought pursuant to 42 U.S.C. § 1983. Accordingly, the undersigned herein considers whether appointment of counsel who represent prisoners in civil rights actions is warranted.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28

1

U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Request for Appointment of Expert Witness

*Legal Standard*

Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations.  The court may appoint any expert that the parties agree on and any of its own choosing."  Fed. R. Evid. 706(a).  However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand.  See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.)  Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent

civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference.) Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

*Discussion*

This action proceeds on plaintiff's amended complaint against defendants Bansal, Dr. Rauf and Maya. (ECF No. 13.) Plaintiff alleges that defendants violated the Eighth Amendment when they denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused harmful side effects. (Id.)

Plaintiff appears to request that the court appoint an expert witness to assist plaintiff with this litigation. (ECF No. 117.)

Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for plaintiff. Manriquez v. Huchins, 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Rather, Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses.

Assuming plaintiff requests appointment of a neutral expert, this request is premature. Until the undersigned has had the opportunity to review the evidence and arguments presented by the parties on summary judgment, the undersigned cannot determine whether the issues are so complex as to require the testimony of a neutral expert to assist the trier of fact.[1] Should the court decide at a later date, including at trial, that such expert testimony is required, the court may, sua

---

[1] The dispositive motion deadline is August 19, 2022. (ECF No. 110.)

sponte, appoint a neutral expert at that time.

For all of the above reasons, plaintiff's request for appointment of an expert witness is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel or, in the alternative, for appointment of an expert witness (ECF No. 117) is denied without prejudice.

Dated: February 7, 2022

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

driv1665.31