UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>        Defendants. | No. 2: 20-cv-1665 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

<u>Plaintiff's Motion for Monetary Sanctions (ECF No. 111)</u>

This action proceeds on plaintiff's amended complaint against defendants Bansal, Dr. Rauf and Maya. (ECF No. 13.) Defendant Bansal is employed at the California Medical Facility ("CMF"). Defendants Rauf and Maya are employed at Kern Valley State Prison ("KVSP"). Plaintiff alleges that defendants violated the Eighth Amendment when they denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused harmful side effects, including chest pain, borderline diabetes, heart palpitations and gynecomastia.

////

1

1      In the pending motion, plaintiff seeks monetary sanctions against defendants for their
2  prescription of toxic and harmful anti-psychotic medication.  Plaintiff also seeks sanctions on the
3  grounds that he has been incarcerated eleven years past his earliest parole release date ("EPRD")
4  based on false rules violation reports.
5      Plaintiff's amended complaint contains no claim regarding false rules violation reports
6  and/or incarceration past his EPRD.  Plaintiff may not obtain monetary sanctions regarding
7  claims that are not raised in the amended complaint.  Accordingly, plaintiff's request for
8  monetary sanctions regarding allegedly false rules violation reports and incarceration past his
9  EPRD date is denied.
10     The undersigned construes plaintiff's request for monetary sanctions based on
11 prescriptions for anti-psychotic medication as related to plaintiff's claim regarding the anti-
12 psychotic medication Invega.  However, plaintiff may not obtain monetary sanctions based on
13 this claim at this time.  If appropriate, a jury will decide whether plaintiff is entitled to monetary
14 relief based on this claim.  For this reason, plaintiff's request for monetary sanctions based on the
15 anti-psychotic medication Invega is denied.

16 <u>Plaintiff's Request for Expedited Trial Setting Procedure (ECF No. 116)</u>

17     Plaintiff states that he consents to the jurisdiction of the undersigned in order to be eligible
18 for expediated trial setting procedures.
19     Defendants have not consented to the jurisdiction of the undersigned.  If defendants
20 consent to the jurisdiction of the undersigned, the undersigned will consider expedited trial setting
21 procedures.  In the meantime, the undersigned herein directs the Clerk of the Court to send
22 plaintiff the form for consenting to the jurisdiction of the undersigned.

23 <u>Plaintiff's Motion for PLU Status and Appointment of Expert (ECF No. 120)</u>

24     Plaintiff requests that the court order Preferred Legal User ("PLU") status for plaintiff for
25 seven months.  Plaintiff also requests appointment of counsel or a legal expert to assist plaintiff in
26 gathering evidence.
27     Inmates with PLU status receive a minimum of four hours per calendar week of physical
28 law library access, as resources are available, and are given higher priority to law library

1  resources. Cal. Code Regs. tit. 15, § 3123(b). In essence, plaintiff is requesting that the court
2  order prison officials to grant plaintiff at least four hours of law library access per week.

3     On January 10, 2022, plaintiff filed a motion for sanctions on the grounds that he did not
4  have adequate law library access. (ECF No. 107.) On January 19, 2022, the undersigned denied
5  plaintiff's motion for sanctions. (ECF No. 109.) The undersigned found that the court did not
6  have jurisdiction over plaintiff's request because it did not appear that defendants Rauf or Maya,
7  employed at KVSP where plaintiff is incarcerated, had control over matters related to the law
8  library. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (this court
9  is unable to issue an order against individuals who are not parties to a suit pending before it). (Id.
10 at 2.)

11    In the January 19, 2022 order, the undersigned also found that plaintiff did not allege an
12 "actual injury" resulting from inadequate law library access. Lewis v. Casey, 518 U.S. 343, 349
13 (1996) (to establish an actual injury, plaintiff must show "actual prejudice with respect to
14 contemplated or existing litigation, such as the inability to meet a filing deadline or to present a
15 claim.") (Id.) Plaintiff did not allege that he risked missing any court deadline or that his ability
16 to draft or research a specific motion in the instant action had been hindered due to inadequate
17 law library access. (Id.)

18    In the pending motion, plaintiff also does not demonstrate an actual injury due to
19 inadequate law library access. Accordingly, plaintiff's motion for PLU status is denied. See
20 Hunter v. Fisher, 2020 WL 3493070, at *2 (E.D. Cal. Apr. 17, 2020) (denying request for law
21 library access because, in part, "Plaintiff has not alleged that he is at risk of missing any particular
22 deadline in this action or that he is currently attempting to draft or research a specific motion to
23 be filed in this action, and the Court has no pending motions filed by Defendants which would
24 require the filing of a response from Plaintiff.")

25    In the pending motion, plaintiff requests appointment of counsel On February 8, 2022, the
26 undersigned denied plaintiff's motion for counsel filed February 3, 2022. (ECF No. 119.) For
27 the reasons stated in the February 8, 2022 order, plaintiff's pending motion for appointment of
28 counsel is denied.

The undersigned construes plaintiff's motion for appointment of an expert to assist plaintiff in gathering evidence as a motion for appointment of an investigator. The undersigned is aware of no authority permitting the court to provide plaintiff an investigator. <u>Khademi v. South Placer Co. Jail</u>, 2: 21-cv-1498 KJM DB P (E.D. Cal. October 18, 2021).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 111) is denied;
2. Plaintiff's request for expedited trial setting (ECF No. 116) is denied without prejudice;
3. The Clerk of the Court is directed to send plaintiff the form for consenting to the jurisdiction of a magistrate judge;
4. Plaintiff's motion for PLU status and for appointment of counsel and an investigator (ECF No. 120) is denied.

Dated: February 17, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.ord(4)

4