UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | No.  2: 20-cv-1665 JAM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief.  (ECF No. 118.)  For the reasons stated herein, the undersigned recommends that plaintiff's motion for injunctive relief be denied.

　　　　This action proceeds on plaintiff's amended complaint against defendants Bansal, Dr. Rauf and Maya.  (ECF No. 13.)  Defendant Bansal is employed at the California Medical Facility ("CMF").  Defendants Rauf and Maya are employed at Kern Valley State Prison ("KVSP"). Plaintiff alleges that these defendants violated the Eighth Amendment when they denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused harmful side effects, including chest pain, borderline diabetes, heart palpitations and gynecomastia.

　　　　In the pending motion, plaintiff alleges that he suffers serious side effects from the anti-

psychotic medication Haldol. Plaintiff describes these side effects as chest pain and kidney pain. Plaintiff requests that the court order defendants to discontinue his prescription for Haldol.

A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted. De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying claim." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

As discussed above, this action proceeds on plaintiff's claim challenging his prescription for Invega. The pending motion seeks relief regarding a different medication, Haldol. For this reason, the undersigned finds that plaintiff's pending request to be taken off Haldol is not sufficiently related to the claims raised in the amended complaint. Accordingly, plaintiff's request to be taken off Haldol should be denied. Cf. Barber v. Sutmiller, 2017 WL 1208022, at *5 n. 6 (W.D. Okl. March 9, 2019) (finding that plaintiff's underlying claim for the "triple therapy" did not support current request for injunctive relief for a different treatment, the Harvoni 12 week cure).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 118) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2022

Dr1665.pi(3)

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE