UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2: 20-cv-1665 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KERN COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel filed April 15, 2022, and May 12, 2022. (ECF. Nos. 142, 151.) For the reasons stated herein, plaintiff's motions to compel are denied.

Plaintiff's Claims

  To put plaintiff's motions to compel in context, the undersigned herein sets forth plaintiff's claims.

  This action proceeds on plaintiff's amended complaint against defendant Dr. Bansal, Dr. Rauf and Maya. (ECF No. 13.) Defendant Bansal is employed at the California Medical Facility ("CMF"). Defendant Rauf and Maya are employed at Kern Valley State Prison ("KVSP"). Plaintiff alleges that in 2020, these defendants violated the Eighth Amendment when they denied

1

plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused harmful side effects, including chest pain, borderline diabetes, heart palpitations and gynecomastia.

Legal Standard for Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Kindred v. Bigot, 2018 WL 5291938, at *1 (E.D. Cal. Oct. 23, 2018) (citing Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012). "Courts in the Eastern District of California have required that a moving-party plaintiff carry 'the burden of informing the court which discovery requests are the subject of his motion to compel, which of the defendant's responses are disputed, why he believes the defendant's responses are deficient, why the defendant's objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.'" Id. (quoting Walker v. Karelas, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009)).

"Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Gleason v. California Department of Corrections and Rehabilitation, 2021 WL 4061653, at *3 (E.D. Cal. Sept. 7, 2021) (quoting Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).) The opposing party "has the burden to show that discovery should not be allowed…"

2

Case 2:20-cv-01665-JAM-KJN   Document 154   Filed 06/07/22   Page 3 of 7

DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

Motion to Compel Filed April 15, 2022

Plaintiff requests that defendants be ordered to produce the documents sought in request for production of documents nos. 1-8. (ECF No. 142.) The undersigned observes that defendants provided documents in response to request nos. 1, 3, 7 and 8. (ECF No. 138-2 at 35-39.) However, in the motion to compel, plaintiff does not address defendants' objections to his requests or otherwise address how the documents produced in response to requests nos. 1, 3, 7 and 8 were inadequate.

By failing to address why he believes defendants' responses are deficient, why defendants' objections are not justified and why the information is relevant to this action, plaintiff fails to meet his burden. Accordingly, the motion to compel as to all requests is denied on these grounds. However, in an abundance of caution, the undersigned herein addresses the requests for production of documents in response to which defendants provided no documents, i.e., request nos. 2, 4, 5, and 6.[1]

Request no. 2 stated, "State the dutie(s) of Defendant Nurse Maya (A) drug prescriber at Kern Valley State Prison (KVSP). If those duties are set forth in any job description or other document, produce the documents." (ECF No. 138-2 at 35.)

Defendants responded to request no. 2 as follows:

> Defendant objects to this request because it seeks a response to an interrogatory, which is improper under Federal Rules of Civil Procedure 33 and 34.
>
> Without waiving the above objections, Defendants respond as follows: Despite a reasonable and diligent search, Defendants have not located any documents responsive to this request.

(Id.)

The Federal Rules of Civil Procedure do not authorize hybrid discovery requests, i.e., requests for production of documents combined with interrogatories. Holley v. Swarthout, 2013 WL 1284316, at *3 (E.D. Cal. March 28, 2013). Accordingly, defendants' objection that request

---

[1] In the opposition, defendants specifically address their responses to request nos. 4, 5 and 6. (ECF No. 148 at 3-4.)

3

no. 2 improperly seeks a response to an interrogatory is well taken.

Federal Rule of Civil Procedure 26(g)(1) requires parties responding to discovery requests to certify that the response is accurate and complete to the best of the party's knowledge after a reasonable inquiry. In responding to plaintiff's request for Nurse Maya's job description, defendants made the certification required by Rule 26(g)(1). The undersigned cannot order defendants to produce documents that cannot be located after a reasonable and diligent search. Accordingly, plaintiff's motion to compel as to request no. 2 is denied.

Request no. 4 stated, "State the name(s) of the Medical Doctor whom on September 14, 2005, through September 16, 2005, treated plaintiff Driver CDCR # D-35391 for irregular heart beat and chest pain(s) at Manteca Hospital Produce the Documents." (ECF No. 138-2 at 36.)

Request no. 5 stated, "State the name(s) of the [ambulance] driver(s) on September 14, 2005, through September 16, 2005, whom transported plaintiff Billy Driver to the Manteca Hospital Produce the Document(s)." (Id.)

Defendants responded to request nos. 4 and 5 as follows:

> Defendants object to this request because it seeks a response to an interrogatory, which is improper under Federal Rules of Civil Procedure 33 and 34. Defendants further object to this request because it is not relevant to the claims or defenses of any party, and is not proportional to the needs of this case. Defendants maintain that this request is not relevant because it does not pertain to Driver's Eighth Amendment claim for deliberate indifference to his serious medical need based on his involuntary placement on the anti-psychotic medication Invega and because the relevant timeframe of Driver's complaint is May to August 2020. Defendants also object to this request because it seeks information that is beyond defendants' possession, custody or control. Defendant additionally objects that this request is compound, as it requires defendants to respond to multiple requests.
>
> Without waiving the above objections, Defendants respond as follows: While defendants do not believe the requested records are relevant to the time specified in Driver's complaint (May to August 2020), a reasonable and diligent search was conducted, and no responsive documents were located.

(Id. at 36, 37.)

Defendants' objection that request nos. 4 and 5 improperly seek responses to interrogatories is well taken.

4

Without waiving objections, defendants stated that the documents sought in request nos. 4 and 5 could not be located after a reasonable and diligent search. The undesigned cannot order defendants to produce documents that cannot be located after a reasonable and diligent search. On these grounds, the motion to compel as to request nos. 4 and 5 is denied.

In addition, because plaintiff alleges that defendants denied his request to be taken off Invega in 2020, the relevance of the 2005 Manteca Hospital records and the names of the ambulance drivers who took plaintiff to Manteca Hospital in 2005 is not entirely clear. Accordingly, plaintiff's motion to compel as to request nos. 4 and 5 is also denied on the grounds that plaintiff failed to meet his burden of demonstrating the relevance of the documents sought in these requests.

Request no. 6 stated, "State the procedure in effect during August 24, 2011, at California State Prison-Sacramento (CSP-Sac) for stopping Keyhea order(s) that day. Produce the document." (ECF No. 138-2 at 37.)

Defendants responded to request no. 6 as follows:

> Defendant objects to this request because it seeks a response to a [an interrogatory], which is improper under Federal Rules of Civil Procedure 33 and 34. Defendant further objects to this request because it is not relevant to the claims or defenses of any party, and is not proportional to the needs of this case. Defendant maintains that this request is not relevant because it does not pertain to Driver's Eighth Amendment claim for deliberate indifference to his serious medical needs based on his involuntary placement on the anti-psychotic medication Invega while he was housed at Kern Valley State Prison and because the relevant timeframe is May to August 2020. Defendant also objects to this request because it seeks information beyond defendant's possession, custody or control. Defendant additionally objects to this request because it is compound, as it requires defendant to respond to multiple requests.
>
> Without waiving the above objections, defendant responds as follows: Defendants will not produce documents that do not come within the timeframe of Driver's complaint.

(Id. at 37-38.)

Defendants' objection that request no. 6 improperly seeks a response to an interrogatory is well taken.

////

5

The undersigned finds that plaintiff has not adequately demonstrated the relevance of the documents sought in request no. 6. As discussed above, plaintiff alleges that defendants denied his request to be taken off Invega in 2020. The alleged deprivations occurred at KVSP (and possibly CMF). Request no. 6 seeks documents regarding procedures in effect on August 24, 2011, at CSP-Sac for stopping Keyhea[2] orders. The relevance of these documents to plaintiff's claims is not clear. On these grounds, plaintiff's motion to compel regarding request no. 6 is denied.

In the motion to compel, plaintiff also appears to request an in camera hearing regarding the documents defendants failed to produce. Because plaintiff's motion to compel is denied, an in camera review is not warranted.

Finally, in the motion to compel plaintiff appears to argue that the documents requested are based on a need for expert testimony. On February 8, 2022, the undersigned denied plaintiff's request for appointment of an expert witness. (ECF No. 119.) To the extent plaintiff requests appointment of an expert witness in the motion to compel filed April 15, 2022, this request is denied for the reasons stated in the February 8, 2022 order.

Motion to Compel filed May 12, 2022

Although docketed as a motion to compel, request for production of documents, request for court hearing, request for in camera inspection and motion for appointment of counsel, plaintiff's motion to compel filed May 12, 2022, is duplicative of the motion to compel filed April 15, 2022. (ECF No. 151 at 1.) On these grounds, plaintiff's May 12, 2022 motion to compel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel filed April 15, 2022 (ECF No. 142), is denied;

////

////

---

[2] "A Keyhea order permits the long-term involuntary medication of an inmate upon a court finding that the course of involuntary medication is recommended and that the prisoner, as a result of mental disorder, is gravely disabled and incompetent to refuse medication, or is a danger to himself or others." Davis v. Walker, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).

2. Plaintiff's motion to compel filed May 12, 2022 (ECF No. 151), docketed as a motion to compel, request for production of documents, request for court hearing, request for in camera inspection and motion for appointment of counsel, is denied in its entirety as duplicative of the motion to compel filed April 15, 2022

Dated: June 7, 2022

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1665.com(2)