UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | No. 2: 20-cv-1665 JAM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

<u>Defendants' Motion to Compel (ECF No. 153)</u>

On May 26, 2022, defendants filed a motion to compel. (ECF No. 153.) Plaintiff did not file an opposition to the motion to compel. Accordingly, on June 30, 2022, the undersigned ordered plaintiff to show cause within fourteen days for his failure to oppose the motion to compel. (ECF No. 155.) The undersigned ordered that plaintiff could file his opposition to the motion to compel with his response to the order to show cause. (<u>Id.</u>)

Fourteen days passed and plaintiff did not respond to the June 30, 2022 order. However, on July 18, 2022, plaintiff filed a notice of change of address stating he was giving notice on July 6, 2022, of his new address at the California Men's Colony ("CMC"). (ECF No. 159.) On July

1

25, 2022, plaintiff filed a pleading indicating that he is now housed at California State Prison-Sacramento ("CSP-Sac"). (ECF No. 165.)

Although the June 30, 2022 order was not returned unserved, the undersigned is concerned that plaintiff may not have received the order due to his recent transfers. Accordingly, the Clerk of the Court is directed to amend court records to reflect plaintiff's new address at CSP-Sac and re-serve plaintiff with the June 30, 2022 order at this new address. Defendants are also ordered to re-serve plaintiff with the motion to compel at CSP-Sac.

Pursuant to the June 30, 2022 order, plaintiff is granted fourteen days to show cause for his failure to oppose the motion to compel. Plaintiff may file an opposition to the motion to compel with his response to the order to show cause.

<u>Plaintiff's Motions Regarding Review of his Deposition Transcript (ECF Nos. 156, 163, 165)</u>

In a motion for injunctive relief filed July 5, 2022, plaintiff requests that the court allow him to inspect the transcript from his deposition conducted on May 23, 2022. (ECF No. 156.) In a motion filed July 22, 2022, plaintiff seeks sanctions based on the failure of CMC prison officials to allow him to review his deposition transcript. (ECF No. 163.) In a pleading filed July 25, 2022, plaintiff appears to seek an order to show cause for defendants' failure to allow him to review his deposition transcript. (ECF No. 165.)

On July 26, 2022, defendants filed an opposition to plaintiff's motions regarding his review of his deposition transcript. (ECF No. 166.) In a declaration attached to the opposition, defense counsel states that plaintiff's March 28, 2022 deposition was continued to May 23, 2022. (ECF No. 166-1 at 2.) At the May 23, 2022 deposition, defense counsel explained to plaintiff that he would receive a copy of the deposition transcript from the court reporter for review and to make changes and that he could make copies. (<u>Id.</u>) Defense counsel told plaintiff that he would not be permitted to keep the deposition transcript in his possession. (<u>Id.</u>)

On July 6, 2022, defense counsel learned from Esquire Solutions, the company that provided the court reporter, that a condensed copy of the May 23, 2022 deposition transcript had arrived at Kern Valley State Prison ("KVSP"), where plaintiff was housed, on June 11, 2022. (<u>Id.</u>) On July 6, 2022, defense counsel also learned that plaintiff transferred to CMC. (<u>Id.</u>)

2

Defense counsel learned on July 20, 2022, that plaintiff transferred to CSP-Sac. (Id.)

Based on plaintiff's recent transfers, defense counsel arranged to have another condensed copy of the deposition transcript from Esquire Solutions sent to plaintiff at CSP-Sac on July 21, 2022. (Id.)

Because defendants made the transcript available for plaintiff at CSP-Sac, plaintiff's motions for review of the transcript are denied as moot.

Plaintiff is also informed that the law does not require that plaintiff be provided a free copy of his deposition transcript unless he paid for a copy and defendants are under no obligation to provide plaintiff with a free copy of the transcript. Furthermore, plaintiff's in forma pauperis status does not authorize the expenditure of public funds for deposition transcripts. 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is properly only when authorized by Congress'") (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).

Plaintiff's Pleadings Regarding Conditions at CMC (ECF Nos. 162, 163, 164)

On July 22, 2022, plaintiff filed a pleading requesting that CMC Correctional Officer Ford show cause why he should not be sanctioned for denying plaintiff access to his legal property and law books. (ECF No. 162.) In a separate pleading filed July 22, 2022, plaintiff appears to claim that prison officials at CMC denied him access to legal mail. (ECF No. 163.) In another pleading filed July 22, 2022, plaintiff seeks an order to show cause why CMC Dr. Detrie should not be ordered to issue Health Care Grievances activated by newly CDCR approved Face Time Tablets. (ECF No. 164.) Plaintiff also seeks an injunction preventing white male guards at CMC from detaining his mail and threatening to assault him. (Id.)

As discussed above, plaintiff is no longer housed at CMC. Accordingly, plaintiff's motions regarding conditions at CMC are moot. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall amend court records to reflect plaintiff's new address at California State Prison-Sacramento, Represa, California, 95671;
2. The Clerk of the Court is directed to re-serve plaintiff with the June 30, 2022 order (ECF No. 155);
3. In accordance with the June 30, 2022 order, within fourteen days of the date of this order, plaintiff shall show cause for his failure to oppose defendants' motion to compel; plaintiff may file his opposition to the motion to compel with his response to the order to show cause;
4. Within five days of the date of this order, defendants shall re-serve plaintiff with the motion to compel (ECF No. 153) and file proof of re-service with the court;
5. Plaintiff's motions regarding review of his deposition transcript (ECF Nos. 156, 163, 165) are denied; and
6. Plaintiff's motions regarding conditions at CMC (ECF Nos. 162, 163, 164) are denied.

Dated: August 1, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dr1665.ord(6)

4