UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | No.  2: 20-cv-1665 TLN KJN P<br><br><br>ORDER |

Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to compel, defendants' motion to modify the scheduling order and plaintiff's request for an order to show cause.  (ECF Nos. 153, 177.)

　　　　For the reasons stated herein, defendants' motion to compel and motion to modify the scheduling order are granted, and plaintiff's request for an order to show cause is denied.

Order to Show Cause Addressed to Plaintiff re: Failure to Oppose Motion to Compel

　　　　On May 26, 2022, defendants filed the pending motion to compel.  (ECF No. 153.) Plaintiff did not oppose defendants' motion to compel.  Accordingly, on August 1, 2022, the undersigned granted plaintiff fourteen days to show cause for his failure to oppose the motion to compel.  (ECF No. 173.)  On August 22, 2022, plaintiff filed a response to the order to show

1

cause. (ECF No. 176.)

Good cause appearing, the August 1, 2022 order to show cause is discharged.

Defendants' Motion to Compel

In the motion to compel, defendants contend that plaintiff failed to respond to a request for production of documents, a request for admissions and interrogatories.

In particular, defendants contend that on February 8, 2022, defendants served plaintiff with a Notice of Taking Deposition and a Request for Production of Documents. (ECF No. 153-5 at 3-6.) Defendants requested that plaintiff bring documents with him to the deposition scheduled for March 28, 2022. (Id.) The deposition was scheduled to be conducted remotely by videoconference. (Id. at 2.)

The March 28, 2022 deposition was not completed because plaintiff stated that he felt hungry and light headed. (ECF No. 153-4 at 2.) Plaintiff brought documents with him to the deposition. (Id.) Defense counsel asked plaintiff to mail the documents to defense counsel. (Id.) Plaintiff told defense counsel that he did not have the resources to mail the documents. (Id.)

Because the March 28, 2022 deposition ended in the midst of questioning, the deposition was continued to May 23, 2022. (Id.) Before the May 23, 2022 deposition began, which was also apparently conducted by videoconference, defense counsel asked plaintiff for the documents. (Id.) Plaintiff told defense counsel that he had sent them. (Id.) Defense counsel did not receive the documents. (Id.)

On March 24, 2022, defense counsel served plaintiff with interrogatories and a request for admissions. (ECF No. 153-5 at 8-35.) Before the May 23, 2022 deposition began, defense counsel informed plaintiff that she had not received his responses to the interrogatories and the request for admissions. (ECF No. 153-4 at 2-3.) Plaintiff told defense counsel that he did not receive them. (Id. at 3.) In the motion to compel, defendants contend that mail logs indicate that plaintiff received mail from defense counsel's office on March 25 and March 29, 2022. (ECF No. 153-3 at 2.)

In the motion to compel, defendants request an order compelling plaintiff to respond to the request for production of documents, the request for admissions and interrogatories. Fed. Rule of

Civ. Pro. 37(a)(3)(B) (a party may file a motion to compel when the other party fails to respond to discovery requests.).

In the response to the order to show cause, plaintiff alleges that he "promptly" served defendants with responses to the request for admissions and interrogatories. (ECF No. 176 at 2-3.)[1] As discussed above, defendants did not receive these responses. Good cause appearing, plaintiff is ordered to re-serve defendants with his responses to interrogatories and request for admissions within thirty days of the date of this order.[2]

Plaintiff's response to the order to show cause does not address his response to defendants' request for production of documents. In the motion to compel defendants contend that while plaintiff claims he mailed his response to the request for production of documents, defendants did not receive the response.

Good cause appearing, plaintiff is ordered to respond to the request for production of documents. However, rather than having plaintiff mail the documents to defendants, defendants shall arrange with the Litigation Coordinator for these documents to be produced from plaintiff to the Litigation Coordinator and copied. The original documents shall be returned to plaintiff. Defendants shall arrange with the Litigation Coordinator for production of the copied documents to defendants.

In the response to the order to show cause, plaintiff alleges that on July 19, 2022, he was transferred to California State Prison-Sacramento ("CSP-Sac") and has not received his legal property. (ECF No. 176 at 4.) Plaintiff also alleges that he has no mailing envelopes. (Id.) If plaintiff does not have access to his legal property and/or mailing envelopes at the time he receives the instant order, he shall inform the court within ten days of the date of this order.

In an abundance of caution, defendants are ordered to re-serve plaintiff with the at-issue

---

[1] The court is troubled by plaintiff's representations about things that he sent or did not receive, that appear to be not borne out by the records.

[2] In the motion to compel, defendants contend that under Federal Rule of Civil Procedure 36(a)(3), the matters contained in the requests for admissions are deemed admitted. By granting the motion to compel, the undersigned does not find that the requests for admissions are deemed admitted.

3

request for production of documents, request for admissions and interrogatories within five days of the date of this order.

Defendants' Request to Modify Scheduling Order

Under Federal Rule of Civil Procedure 16(b), a movant must demonstrate good cause to modify a scheduling order. The "good cause" standard "focuses on the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

The discovery deadline was May 27, 2022, and the dispositive motion deadline was August 19, 2022. (ECF No. 110).

In the motion to compel, defendants contend that they were unable to complete discovery by the May 27, 2022 deadline based on plaintiff's refusal to respond to the discovery requests. Defendants do not describe any additional discovery they intend to conduct. Therefore, defendants have not shown good cause to conduct additional discovery. However, defendants may file a motion to compel regarding plaintiff's responses to the request for production of documents, interrogatories and request for admissions addressed in the motion to compel within thirty days of service of plaintiff's responses.

Plaintiff's Request for Order to Show Cause (ECF No. 177)

On August 26, 2022, plaintiff filed a pleading docketed as "Request for Order to Show Cause." In this pleading, plaintiff requests that the court order his immediate release based on threats to his safety by prison staff. Plaintiff is informed that the court does not have the authority to order his release in this civil rights action. Accordingly, plaintiff's request for release from custody is denied.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. The August 1, 2022 order to show cause addressed to plaintiff is discharged;
2. Defendants' motion to compel (ECF No. 153) is granted;
3. Within thirty days of the date of this order, plaintiff shall re-serve defendants with

---

[3] Plaintiff is informed that the court cannot issue orders against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). No defendants are located at CSP-Sac, where plaintiff is now housed.

      responses to the request for admissions and interrogatories addressed in the motion to compel;

4. Within thirty days of the date of this order, defendants shall arrange for production of plaintiff's documents in response to the request for production of documents, as discussed in this order;

5. Within five days of the date of this order, defendants shall re-serve plaintiff with the request for production of documents, request for admissions and interrogatories addressed in the motion to compel;

6. If plaintiff does not have access to his legal property or mailing envelopes at the time he receives the instant order, he shall inform the court within ten days of the date of this order;

7. Defendants' request to modify the scheduling order, contained in the motion to compel, is granted; defendants may file a motion to compel regarding plaintiff's responses to the request for production of documents, interrogatories and request for admissions addressed in the motion to compel within thirty days of service of plaintiff's responses; discovery is otherwise closed;

8. The August 19, 2022 dispositive motion deadline is vacated and reset for January 20, 2023;

9. Plaintiff's request for an order to show cause (ECF No. 177) is denied.

Dated: August 30, 2022

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

Dr1665.com(3)