UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

    Plaintiff,

  v.

KERN COUNTY SUPERIOR COURT, et al.,

    Defendants.

No. 2: 20-cv-1665 TLN KJN P

ORDER

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 14, 2022, the undersigned ordered defendants to file a status report addressing plaintiff's access to his legal property and mailing envelopes. (ECF No. 182.) For the reasons stated herein, the issue of plaintiff's access to his legal property and mailing envelopes is deemed resolved.

    In a pleading filed August 22, 2022, plaintiff alleged that on July 19, 2022, he was transferred to California State Prison-Sacramento ("CSP-Sac") and had not received his legal property. (ECF No. 176.) Plaintiff also alleged that he had no mailing envelopes. (Id.)

    On August 31, 2022, the undersigned granted defendants' motion to compel. (ECF No. 179.) The undersigned ordered plaintiff to re-serve defendants with responses to the requests for admissions and interrogatories addressed in the motion to compel within thirty days. (Id.) The

1

undersigned also granted defendants thirty days to arrange for production of plaintiff's documents in response to the request for production of documents, as discussed in the order. (Id.) The undersigned also ordered that if plaintiff did not have access to his legal property or mailing envelopes at the time he received the order, he shall inform the court within ten days. (Id.)

In a pleading filed September 12, 2022, and signed by plaintiff on September 6, 2022, plaintiff claimed that he had not received his legal property and did not have access to mailing envelopes. (ECF No. 181.) On September 14, 2022, the undersigned ordered defendants to inform the court of the status of plaintiff's access to mailing envelopes and his legal property regarding the instant action. (ECF No. 182.)

On September 26, 2022, defendants filed a response to the September 14, 2022 order. (ECF No. 185.) On September 28, 2022, the undersigned ordered defendants to file a further response to the September 14, 2022 order. (ECF No. 187.)

On October 7, 2022, defendants filed a further response to the September 14, 2022 order, including a declaration by Litigation Coordinator Hightower. (ECF Nos. 190, 190-1.) Litigation Coordinator Hightower states that plaintiff transferred to CSP-Sac on July 19, 2022. (ECF No. 190-1 at 2.) On August 22, 2022, staff members documented that plaintiff had "miscellaneous legal mail, among other items." Due to concerns regarding the confidentiality of legal mail, staff members were not allowed to ascertain the nature of this mail, and documented this mail's presence on a CDCR 1083 form. (Id.) Plaintiff acknowledged that the items listed on the CDCR 1083 form were the extent of all of his property, including "this legal mail," by signing the form on August 22, 2022. (Id.) Other than the "legal mail" listed on this form, there are no records of any other legal property belonging to plaintiff. (Id.) The property listed on the CDCR 1083 form was issued to plaintiff on September 2, 2022. (Id.) Plaintiff acknowledged receipt of this property by signing the form on September 2, 2022. (Id. at 2-3.)

A copy of the CDCR 1083 form containing plaintiff's signatures on August 22, 2022 and September 2, 2022 is attached to defendants' October 7, 2022 pleading. (ECF No. 190-2 at 2.) This form documents plaintiff as possessing "misc. legal mail." (Id.) The undersigned assumes that "legal mail" refers to plaintiff's legal property.

Regarding plaintiff's access to envelopes, Litigation Coordinator Hightower states that an inmate who needs stamps and mailing envelopes may purchase them from the canteen. (190-1 at 2.) If the inmate is indigent (has less than $25 in their inmate trust account), such inmate will be provided with writing paper, writing utensils, stamps and envelopes upon request at no charge. (Id. at 3.) Litigation Coordinator Hightower reviewed plaintiff's trust account records and determined that plaintiff does not qualify as an indigent inmate because he has had at least $25 in his trust account since July 2022, and he currently has approximately $1,800. (Id.) A review of plaintiff's trust account does not indicate that plaintiff purchased any stamps or envelopes from the canteen in August or September 2022. (Id.)

Based on Litigation Coordinator Hightower's declaration, the undersigned finds that plaintiff is able to obtain mailing envelopes. Based on Litigation Coordinator Hightower's declaration, the undersigned finds that plaintiff had access to his legal property as of September 2, 2022.

Neither party has sought an extension of time to comply with the August 31, 2022 order addressing defendants' motion to compel. However, because plaintiff did not receive his legal property until September 2, 2022, plaintiff is granted fourteen days from the date of this order to serve defendants with responses to the request for admissions and interrogatories addressed in the motion to compel if he has not already done so. If defendants require additional time to arrange for production of plaintiff's documents in response to the request for production of documents, they may file a request for extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. The issue of plaintiff's access to mailing envelopes and his legal property is deemed resolved;
2. Plaintiff is granted fourteen days from the date of this order to serve defendants with responses to the request for admissions and interrogatories addressed in the motion to compel if he has not already done so.

Dated: October 12, 2022

dr1665.pr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE