UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>          Plaintiff,<br><br>     v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>          Defendants. | No. 2: 20-cv-1665 TLN KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, plaintiff's motion for sanctions regarding his access to envelopes and stamps (ECF No. 199) is denied, and defendants' motion for extension of time to arrange for production of plaintiff's documents (ECF No. 200) is granted. For the reasons stated herein, defendants are ordered to file further briefing addressing plaintiff's access to his legal property regarding the instant action.

Background

In a pleading filed August 22, 2022, plaintiff alleged that on July 19, 2022, he was transferred to California State Prison-Sacramento ("CSP-Sac") and had not received his legal property. (ECF No. 176.) Plaintiff also alleged that he had no mailing envelopes. (Id.)

////

1

On August 31, 2022, the undersigned granted defendants' motion to compel. (ECF No. 179.) The undersigned ordered plaintiff to re-serve defendants with responses to the requests for admissions and interrogatories addressed in the motion to compel within thirty days. (Id.) The undersigned granted defendants thirty days to arrange for production of plaintiff's documents in response to the request for production of documents, as discussed in the order. (Id.) The undersigned ordered that if plaintiff did not have access to his legal property or mailing envelopes at the time he received the order, he shall inform the court within ten days. (Id.)

In a pleading filed September 12, 2022, and signed by plaintiff on September 6, 2022, plaintiff claimed that he had not received his legal property and did not have access to mailing envelopes. (ECF No. 181.) On September 14, 2022, the undersigned ordered defendants to inform the court of the status of plaintiff's access to mailing envelopes and his legal property regarding the instant action. (ECF No. 182.)

On September 26, 2022, defendants filed a response to the September 14, 2022 order. (ECF No. 185.) On September 28, 2022, the undersigned ordered defendants to file a further response to the September 14, 2022 order. (ECF No. 187.)

On October 7, 2022, defendants filed a further response to the September 14, 2022 order. (ECF No. 190.) Defendants claimed that plaintiff received all of his legal property on September 2, 2022. (Id. at 2.) Defendants also claimed that plaintiff was not indigent and not entitled to free stamps and envelopes. (Id.)

In support of the October 7, 2022 further response, defendants filed the declaration of Litigation Coordinator Hightower. (ECF No. 190-1.) Litigation Coordinator Hightower stated that plaintiff transferred to CSP-Sac on July 19, 2022. (Id. at 2.) On August 22, 2022, staff members documented that plaintiff had "miscellaneous legal mail, among other items." Due to concerns regarding the confidentiality of legal mail, staff members were not allowed to ascertain the nature of this mail, and documented this mail's presence on a CDCR 1083 form. (Id.) Plaintiff acknowledged that the items listed on the CDCR 1083 form were the extent of all of his property, including "this legal mail," by signing the form on August 22, 2022. (Id.) Other than the "legal mail" listed on this form, there were no records of any other legal property belonging to

plaintiff.  (Id.)  The property listed on the CDCR 1083 form was issued to plaintiff on September 2, 2022.  (Id.)  Plaintiff acknowledged receipt of this property by signing the form on September 2, 2022.  (Id. at 2-3.)

A copy of the CDCR 1083 form containing plaintiff's signatures on August 22, 2022, and September 2, 2022, is attached to defendants' October 7, 2022 pleading.  (ECF No. 190-2 at 2.)  This form documents plaintiff as possessing "misc. legal mail."  (Id.)

Regarding plaintiff's access to envelopes, Litigation Coordinator Hightower stated that an inmate who needs stamps and mailing envelopes may purchase them from the canteen.  (190-1 at 2.)  If the inmate is indigent (has less than $25 in his inmate trust account), such inmate will be provided with writing paper, writing utensils, stamps and envelopes upon request at no charge.  (Id. at 3.)  Litigation Coordinator Hightower reviewed plaintiff's trust account records and determined that plaintiff did not qualify as an indigent inmate because he had had at least $25 in his trust account since July 2022, and he currently had approximately $1,800.  (Id.)  A review of plaintiff's trust account does not indicate that plaintiff purchased any stamps or envelopes from the canteen in August or September 2022.  (Id.)

On October 12, 2022, the undersigned issued an order finding that the issue of plaintiff's access to mailing envelopes and his legal property was deemed resolved.  (ECF No. 191.)  Based on Litigation Coordinator Hightower's declaration, the undersigned found that plaintiff was able to obtain mailing envelopes.  (Id.)  Based on Litigation Coordinator Hightower's declaration, the undersigned found that plaintiff had access to his legal property as of September 2, 2022.  (Id.)  The undersigned assumed Litigation Coordinator Hightower's reference to "legal mail" referred to plaintiff's legal property.  (Id.)  In the October 12, 2022 order, the undersigned also granted plaintiff an extension of fourteen days to serve defendants with responses to the request for admissions and interrogatories addressed in the motion to compel.  (Id.)

On October 26, 2022, plaintiff filed a motion for sanctions.  (ECF No. 195.)  In this motion, plaintiff alleges that Litigation Coordinator Hightower committed perjury.  (Id.)  Plaintiff alleges that he is being denied access to 17 boxes of property, which include his legal property.  (Id.)  Plaintiff states that on September 2, 2022, he signed the property inventory form but that

3

form only reflected legal mail in his cell at the time of the 114D lock-up order when plaintiff was placed in administrative segregation (Id.) Plaintiff claims that the property inventory form was not about the 17 boxes of legal property. (Id.) Plaintiff alleges that he cannot comply with the order to produce documents because guards will not issue to him his 17 boxes of legal property. (Id.)

On October 27, 2022, plaintiff filed another motion for sanctions. (ECF No. 199.) In this motion, plaintiff alleges that on September 21, 2022, and October 18, 2022, the CSP-Sac canteen refused to sell postage stamps and mailing envelopes to plaintiff. (Id.)

On November 7, 2022, defendants filed a motion for extension of time to arrange for the production of documents from plaintiff, as discussed in the August 31, 2022 order. (ECF No. 200.) In a declaration attached to the motion, defense counsel states, in relevant part, that on September 27, 2022, she spoke with plaintiff's counselor. (ECF No. 200-2 at 3.) Plaintiff's counselor told defense counsel that she (plaintiff's counselor) had made copies of documents for plaintiff at his request, and it was plaintiff's responsibility to have the documents mailed out. (Id.) Defense counsel acknowledges plaintiff's motions for sanctions filed October 26, 2022, and October 27, 2022. (Id. at 4.) Defense counsel states that in light of plaintiff's motions, defendants request an additional 14 days to arrange with Litigation Coordinator Hightower to copy and mail plaintiff's documents. (Id.) In the motion for extension of time, defendants also argue that plaintiff's multitude of pleadings belie his claim that he does not have stamps or envelopes. (ECF No. 200-1 at 3.)

Discussion

In his motion for sanctions, plaintiff appears to claim that the property inventory form he signed September 2, 2022, reflected the property in his cell at the time he was put in administrative segregation. Plaintiff appears to claim that the property inventory form did not reflect the 17 boxes of property, including his legal property, which were not in his cell at the time he was placed in administrative segregation. Plaintiff appears to claim that he does not have access to his legal property because it is contained in the 17 boxes to which he does not have access.

Based on the representations made in plaintiff's motion for sanctions filed October 26, 2022, defendants are ordered to file further briefing addressing plaintiff's claim that he does not have access to the 17 boxes containing his legal property.[1] Defendants shall also address plaintiff's claims that he did not have access to his legal property on September 2, 2022, and that the CDCR 1083 form he signed on September 2, 2022, referred only to property in his cell, including legal mail, at the time he was placed in administrative segregation.

Regarding plaintiff's claim that the CSP-Sac canteen refused to sell him postage stamps and mailing envelopes on September 21, 2022, and October 18, 2022, the undersigned observes that plaintiff filed motions for sanctions on October 26, 2022, and October 27, 2022. (ECF Nos. 195, 199.) On October 26, 2022, plaintiff also filed a motion for appointment of counsel, a request to use e-filing and a notice regarding consolidation of cases. (ECF Nos. 196, 197, 198.) Plaintiff's ability to file these pleadings undermines plaintiff's claim that he is being denied access to the court in this action based on an inability to purchase stamps and mailing envelopes. For this reason, plaintiff's motion for sanctions based on his alleged inability to purchase stamps and envelopes is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions regarding his alleged inability to purchase postage stamps and mailing envelopes (ECF No. 199) is denied;
2. Within fourteen days of the date of this order, defendants shall file further briefing addressing plaintiff's access to his legal property regarding the instant action at this time and as of September 2, 2022, as discussed above;
3. Defendants' motion for extension of time (ECF No. 200) is granted;

////

////

---

[1] Defense counsel's statement that plaintiff's counselor told her that she made copies of documents at plaintiff's request suggests that plaintiff has access to his legal property. However, the undersigned is concerned by plaintiff's claim that the September 2, 2022 CDCR 1083 form references only property in his cell at the time he was placed in administrative segregation, and does not accurately represent his access to his 17 boxes of property, containing his legal property.

4. Defendants are granted until November 18, 2022 to contact the Litigation Coordinator and arrange for production of plaintiff's documents.

Dated: November 9, 2022

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1664.lp(2)