UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>        Defendants. | No. 2: 20-cv-1665 TLN KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

<u>Plaintiff's Motions Regarding Access to Legal Property (ECF Nos. 195, 205)</u>

In the pending motions, plaintiff alleges that he is being denied access to his legal property. Plaintiff also seeks sanctions against Litigation Coordinator Hightower for allegedly falsely representing to the court that plaintiff had access to his legal property.

*Background*

In a pleading filed August 22, 2022, plaintiff alleged that on July 19, 2022, he was transferred to California State Prison-Sacramento ("CSP-Sac") and had not received his legal property. (ECF No. 176.)

////

1

On August 31, 2022, the undersigned granted defendants' motion to compel. (ECF No. 179.) The undersigned ordered plaintiff to re-serve defendants with responses to the requests for admissions and interrogatories addressed in the motion to compel within thirty days. (Id.) The undersigned granted defendants thirty days to arrange for production of plaintiff's documents in response to the request for production of documents, as discussed in the order. (Id.) The undersigned ordered that if plaintiff did not have access to his legal property at the time he received the order, he shall inform the court within ten days. (Id.)

In a pleading filed September 12, 2022, and signed by plaintiff on September 6, 2022, plaintiff claimed that he had not received his legal property. (ECF No. 181.) On September 14, 2022, the undersigned ordered defendants to inform the court of the status of plaintiff's access to his legal property regarding the instant action. (ECF No. 182.)

On September 26, 2022, defendants filed a response to the September 14, 2022 order. (ECF No. 185.) In this response, defense counsel stated that on September 14, 2022, the Litigation Coordinator informed her that plaintiff received "miscellaneous legal mail in his property on September 2, 2022." (ECF No. 185-1 at 2.) Defense counsel did not receive any information about other legal property plaintiff may have received. (Id.)

On September 28, 2022, the undersigned ordered defendants to file a further response to the September 14, 2022 order. (ECF No. 187.) The undersigned ordered defendants to clarify whether plaintiff had access to his legal property regarding the instant action. (Id.)

On October 7, 2022, defendants filed a further response to the September 14, 2022 order. (ECF No. 190.) Defendants claimed that plaintiff received all of his legal property on September 2, 2022. (Id. at 2.)

In support of the October 7, 2022 further response, defendants filed the declaration of Litigation Coordinator Hightower. (ECF No. 190-1.) Litigation Coordinator Hightower stated that plaintiff transferred to CSP-Sac on July 19, 2022. (Id. at 2.) On August 22, 2022, staff members documented that plaintiff had "miscellaneous legal mail, among other items." (Id.) Due to concerns regarding the confidentiality of legal mail, staff members were not allowed to ascertain the nature of this mail, and documented this mail's presence on a CDCR 1083 form.

1  (Id.) Litigation Coordinator Hightower stated that plaintiff acknowledged that the items listed on
2  the CDCR 1083 form were the extent of all of plaintiff's property, including "this legal mail," by
3  signing the form on August 22, 2022. (Id.) Other than the "legal mail" listed on this form, there
4  were no records of any other legal property belonging to plaintiff. (Id.) The property listed on
5  the CDCR 1083 form was issued to plaintiff on September 2, 2022. (Id.) Plaintiff acknowledged
6  receipt of this property by signing the form on September 2, 2022. (Id. at 2-3.)

7  A copy of the CDCR 1083 form containing plaintiff's signatures on August 22, 2022, and
8  September 2, 2022, is attached to defendants' October 7, 2022 pleading. (ECF No. 190-2 at 2.)
9  This form documents plaintiff as possessing "misc. legal mail." (Id.) The form indicates that
10 plaintiff had one box of property. (Id.)

11 On October 12, 2022, the undersigned issued an order finding that the issue of plaintiff's
12 access to his legal property was deemed resolved. (ECF No. 191.) Based on Litigation
13 Coordinator Hightower's declaration, the undersigned found that plaintiff had access to his legal
14 property as of September 2, 2022. (Id.) The undersigned assumed Litigation Coordinator
15 Hightower's reference to "legal mail" referred to plaintiff's legal property. (Id.) In the October
16 12, 2022 order, the undersigned also granted plaintiff an extension of fourteen days to serve
17 defendants with responses to the request for admissions and interrogatories addressed in the
18 motion to compel. (Id.)

19 On October 26, 2022, plaintiff filed the pending motion for sanctions and injunctive relief.
20 (ECF No. 195.) In this motion, plaintiff claimed that Litigation Coordinator Hightower
21 committed perjury. (Id.) Plaintiff claimed that he was being denied access to 17 boxes of
22 property, which included his legal property. (Id.) Plaintiff claimed that on September 2, 2022, he
23 signed the property inventory form but that form only reflected legal mail in his cell at the time of
24 the 114D lock-up order when plaintiff was placed in administrative segregation (Id.) Plaintiff
25 claimed that the property inventory form was not about the 17 boxes of legal property. (Id.)
26 Plaintiff claimed that he could comply with the order to produce documents because guards
27 would not issue to him his 17 boxes of legal property. (Id.) Plaintiff requested that Litigation
28 Coordinator Hightower be sanctioned for falsely claiming that plaintiff had access to his legal

1 property. (Id.)

2 On November 9, 2022, the undersigned ordered defendants to file further briefing
3 addressing plaintiff's claim that he did not have access to the 17 boxes containing his legal
4 property. (ECF No. 201.) The undersigned ordered defendants to address plaintiff's claim that
5 he did not have access to his legal property on September 2, 2022, and that the CDCR 1083 form
6 he signed on September 2, 2022, referred only to property in his cell, including legal mail, at the
7 time he was placed in administrative segregation. (Id.)

8 On November 16, 2022, plaintiff filed a motion requesting access to his legal property and
9 legal envelopes. (ECF No. 205.) In this motion, plaintiff also requests appointment of counsel.
10 (Id.)

11 *Defendants' Status Report Filed December 7, 2022*

12 On December 7, 2022, defendants filed a third status report addressing plaintiff's access to
13 his legal property. (ECF No. 208.) Defendants state that plaintiff received access to his 17 boxes
14 of legal property on December 2, 2022. In support of this claim, defendants refer to the
15 declaration of J. Banuelos, a legal property officer at CSP-Sac. (ECF No. 208-1)

16 Officer Banuelos states that when an inmate transfers into CSP-Sac from another
17 institution, the inmate's property will be placed in boxes to be transferred with that inmate. (Id. at
18 2.) Upon arrival, correctional staff members will issue the inmate's property and prepare a
19 CDCR 1083 Property Inventory form that documents the property that was originally received in
20 the inmate's possession upon arrival, the property the inmate received, and the date of receipt.
21 (Id.)

22 Officer Banuelos states that CDCR policies allow inmates to have up to six cubic feet of
23 non-legal property and one cubic foot of legal property in their cell, or in the alternative, to
24 possess seven boxes of legal property in their cell. (Id.) Anything exceeding this amount will be
25 stored in the Receiving and Release Unit. (Id.) If an inmate wishes to access property that
26 exceeds the amount allowed in his cell, he can request access to that property by completing an
27 Inmate Request for Interview Form 22 or making a verbal request to Officer Banuelos. (Id.)
28 ////

Officer Banuelos states that plaintiff transferred to CSP-Sac on July 19, 2022, and is currently housed in the administrative segregation unit, where Officer Banuelos is the property officer. (Id.) Upon his arrival, plaintiff's property was inventoried on August 22, 2022, and it was documented that plaintiff had miscellaneous legal mail. (Id.) Officer Banuelos issued the legal mail to plaintiff and signed the CDCR 1083 form to this effect on September 2, 2022. (Id.) Plaintiff was permitted to keep this legal mail in his cell. (Id.)

Officer Banuelos states that on July 25, 2022, CSP-Sac received 17 boxes of property belonging to plaintiff. (Id.) These boxes were not reflected in the CDCR 1083 form. (Id.) Because this amount of property surpassed the amount allowed in plaintiff's cell, plaintiff was required to request the property by completing the Inmate Request for Interview form or making a verbal request to Officer Banuelos. (Id.)

Between September and November 2022, plaintiff made at least one verbal request each month to Officer Banuelos to bring his 17 boxes of legal property to his cell. (Id.) Officer Banuelos explained to plaintiff that he was not permitted to have that amount of property in his cell. (Id.) Officer Banuelos also explained to plaintiff that he had the option of being taken to another facility, where Officer Banuelos would bring all of his boxes to him, and he could look through his boxes and find what he needed. (Id.) Plaintiff declined this option each time. (Id. at 2-3.)

On December 1, 2022, Officer Banuelos spoke with plaintiff about his request for all 17 boxes of property. (Id. at 3.) Officer Banuelos again informed plaintiff that he was not permitted to have all 17 boxes of property in his cell, but if he had an active legal case, Officer Banuelos would arrange for him to be taken to a separate facility at 7:00 a.m. on December 2, 2022. (Id.) There, plaintiff would be placed in a holding cell due to his placement in the administrative segregation unit, and he could look through the boxes to see what he needed and take them back to his cell. (Id.) Plaintiff consented to this arrangement and said he would need until 12:30 p.m. to look through his boxes. (Id.)

Officer Banuelos states that on December 2, 2022, at 8:30 a.m., plaintiff was escorted to the holding cell in Facility B, which was located on plaintiff's assigned yard. (Id.) Officer

5

Banuelos brought plaintiff's 17 boxes of legal property to the holding cell. (Id.) Plaintiff spent approximately four hours looking through the boxes and took two of them back to his cell. (Id.) Plaintiff did not request to have any additional boxes of property in his cell. (Id.)

*Discussion*

At the outset, the undersigned finds that plaintiff now has access to his legal property regarding the instant action. The declaration of Officer Banuelos demonstrates that plaintiff was granted access to his legal property on December 2, 2022. The declaration of Officer Banuelos also demonstrates that plaintiff has information regarding how to access his legal property. While plaintiff may not be able to have all 17 boxes of his legal property in his cell, plaintiff is able to access all of his legal property. Accordingly, plaintiff's motions for access to his legal property are denied as moot.[1]

Defendants also argue that plaintiff's motions for access to his legal property should be denied because they are unrelated to the injuries asserted in his complaint. (ECF No. 208 at 4.) Defendants argue that injunctive relief is only appropriate when it grants relief of the same nature as that to be finally granted. (Id.)

While defendants are correct regarding the scope of available injunctive relief, the All Writs Act permits the court to make orders against non-parties to preserve its jurisdiction. 28 U.S.C. § 1651(a); Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir.1979); Solomon v. Felker, 2015 WL 640711 (E.D. Cal. Feb. 13, 2015) (court may invoke the All Writs Act to preserve jurisdiction if plaintiff is unable to prosecute action based on denial of access to legal property); Napoleon v. Yves, 2011 WL 1585863, at *5 (E.D. Cal. Apr. 25, 2011) ("The court may find it necessary to invoke the All Writs Act, 28 U.S.C. § 1651(a), so that it does not lose its jurisdiction because petitioner is unable to prosecute this action due to having no access to the law library."). The court may lose jurisdiction of this action if plaintiff is denied access to his

---

[1] The undersigned is troubled that it took defendants almost three months, from the first order directing them to address the issue of plaintiff's access to his legal property, and three status reports to provide the court with accurate information regarding this matter. The undersigned is also troubled that plaintiff continued to inform the court that he was denied access to his legal property after Officer Banuelos informed plaintiff of the procedures for accessing his legal property.

legal property. Therefore, pursuant to the All Writs Act, the undersigned is authorized to address this issue.

Plaintiff requests monetary sanctions against Litigation Coordinator Hightower for allegedly misrepresenting that plaintiff had access to his legal property on September 2, 2022. (ECF No. 195.) Defendants oppose this request on the grounds that plaintiff cannot obtain sanctions from a non-party.

Under the court's inherent authority, the court is authorized to award sanctions against a non-party. See West v. Dizon, 2015 WL 1250097, at *1 (E.D. Cal. March 18, 2015) ("The court's inherent equitable power, on the other hand, is broader and 'extends, not only to parties in civil litigation, but also to other persons, such as witnesses, who may be embroiled in that litigation.'") (quoting Bartos v. Pennsylvania, 2010 WL 1816674, at *5 (M.D.Pa. May 5, 2010)). "[S]anctionable conduct by these non-party witnesses can take many forms, including ... giving false, misleading and materially incomplete testimony." Bartos, 2010 WL 1816674, at *5.

"'[T]o be subject to the Court's inherent power to sanction, a non-party not subject to court order must (1) have a substantial interest in the outcome of the litigation; and, (2) substantially participate in the proceedings in which he interfered.'" Bartos, 2010 WL 1816674, at *7 (quoting Helmac Products v. Roth, 150 F.R.D. 563, 568 (E.D. Mich. June 15, 1993)).

Because the court may order sanctions against a non-party, the undersigned herein considers whether sanctions are warranted against Litigation Coordinator Hightower.

In her declaration filed October 7, 2022, Litigation Coordinator Hightower stated that other than the legal mail listed on the CDCR 1083 form, there were no records of any other legal property belonging to plaintiff. (ECF No. 190-1 at 2.) This statement was inaccurate because plaintiff had 17 boxes of legal property stored in Receiving and Release. Surely plaintiff's legal property in Receiving and Release was recorded somewhere. Litigation Coordinator Hightower's failure to acknowledge plaintiff's legal property stored in Receiving and Release is baffling.

In their declaration, Officer Banuelos states that plaintiff's CDCR 1083 Property Inventory Form only documented property in the plaintiff's possession upon his arrival at CSP-Sac. Officer Banuelos suggests that plaintiff's CDCR 1083 Property Inventory Form did not

7

include plaintiff's 17 boxes of legal property because this property arrived at CSP-Sac six days after plaintiff transferred to CSP-Sac.

Inmate legal property is often transferred after inmates arrive at new prisons. Therefore, the arrival of plaintiff's legal property at CSP-Sac six days after plaintiff's arrival does not explain Litigation Coordinator Hightower's reliance on the CDCR 1083 Property Inventory Form as the basis for her claim that plaintiff had no other legal property than that listed on the CDCR 1083 form.

Based on the record discussed above, the undersigned is concerned by the inaccurate statements in Litigation Hightower's declaration filed October 7, 2022 regarding plaintiff's access to his legal property. However, the undersigned finds that sanctions cannot be imposed on Litigation Coordinator Hightower because her declaration filed October 7, 2022, does not constitute "substantial participation" in these proceedings. Bartos, 2010 WL 1816674, at * 7.

In addition, there is no evidence demonstrating that Litigation Coordinator Hightower has a substantial interest in the outcome of this litigation. Bartos, 2010 WL 1816674, at *7. This action proceeds on plaintiff's amended complaint against defendants Bansal, Dr. Rauf and Maya. (ECF No. 13.) Defendant Bansal is employed at the California Medical Facility ("CMF"). Defendants Rauf and Maya are employed at Kern Valley State Prison ("KVSP"). (Id.) Plaintiff alleges that these defendants violated the Eighth Amendment when they denied plaintiff's request to discontinue his prescription for the anti-psychotic medication Invega after plaintiff told defendants that he was not psychotic and that the medication caused harmful side effects. (Id.) The record contains no evidence suggesting that Litigation Coordinator Hightower has a substantial interest in the outcome of this litigation.

For the reasons discussed above, plaintiff's request for sanctions against Litigation Coordinator Hightower is denied.

Plaintiff's Requests for Appointment of Counsel (ECF No. 196, 205, 207)

Plaintiff requests appointment of attorneys Bruce Zucker and Barbara Hadsell to represent him in this action. (ECF Nos. 196, 205, 207.) Plaintiff is informed that attorneys Zucker and Hadsell have not informed the court that they wish to represent plaintiff in this action. For this

reason, plaintiff's request for appointment of attorneys Zucker and Hadsell is denied. If attorneys Zucker and Hadsell wish to represent plaintiff in this action, they may contact the court.

Plaintiff may be requesting appointment of a lawyer from the panel of attorneys available to the court for appointment in prisoner civil rights actions. In exceptional circumstances, the court may request an attorney to voluntarily represent a prisoner, such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, plaintiff's request for appointment of counsel is denied.

Plaintiff's Request to Use E-Filing, Access to Envelopes and Stamps (ECF Nos. 197, 205)

On October 26, 2022, plaintiff filed a motion requesting permission to utilize e-filing when the CDCR canteen will not stock postage stamps and/or mailing envelopes. (ECF No. 197.) In a motion filed November 16, 2022, plaintiff alleges that on September 21, 2022 and October 18, 2022, the Canteen Manager refused to sell plaintiff postage stamps and mailing envelopes, rendering plaintiff dependent on fellow prisoners for mailing envelopes (ECF No. 205.)

The undersigned previously addressed plaintiff's claim alleging denial of access to mailing envelopes. In a pleading filed September 12, 2022, plaintiff claimed that he did not have access to mailing envelopes (ECF No. 181.) On October 7, 2022, defendants responded to this pleading. (ECF No. 190.) Defendants referred to the declaration of Litigation Coordinator Hightower, who stated that stamps and envelopes could be purchased from the canteen. (ECF

1 No. 190-1 at 2.) If the inmate is indigent, the inmate will be provided with writing paper, writing
2 utensils, stamps and envelopes upon request at no charge. (Id. at 3.) Litigation Coordinator
3 Hightower reviewed plaintiff's trust account records and determined that plaintiff did not qualify
4 as indigent because he had at least $25 in his trust account since July 2022, and he currently had
5 approximately $1,800. (Id.) A review of plaintiff's trust account did not indicate that plaintiff
6 purchased any stamps or envelopes from the canteen in August or September 2022. (Id.)

Based on Litigation Coordinator Hightower's declaration, on October 12, 2022, the undersigned deemed plaintiff's September 12, 2022 request for access to mailing envelopes resolved. (ECF No. 191.)

While plaintiff claims that he was not allowed to purchase stamps and mailing envelopes on two occasions in September and October 2022, court records reflect that plaintiff filed four pleadings in September 2022 (ECF Nos. 181, 183, 186, 188), six pleadings in October 2022 (ECF Nos. 195, 196, 196, 197, 198, 1999), and two pleadings in November 2022 (ECF Nos. 205, 207).

Plaintiff's ability to file the pleadings listed above undermines plaintiff's claim that he is being denied access to mailing envelopes and stamps. For this reason, the undersigned will not order further briefing from defendants regarding this issue. However, if plaintiff is unable to purchase envelopes and stamps from the canteen at a later stage of this litigation, he shall inform the court. Plaintiff shall include the date(s) he was unable to purchase stamps and/or envelopes. Plaintiff shall also identify the officer working at the canteen who denied his request to purchase stamps and/or envelopes, if possible. Plaintiff shall also address why the canteen officer denied his request to purchase stamps and/or envelopes, if possible.

Local Rule 133(b)(2) provides that any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. The undersigned finds that plaintiff has not shown good cause to utilize electronic filing. Accordingly, plaintiff's request to utilize electronic filing is denied.

////
////
////

10

Plaintiff's Request to Consolidate (ECF No. 198)

Plaintiff requests that the instant action be consolidated with case no. 20STCPO3836. (ECF No. 198 at 1.)

In the opposition to this request, defendants contend that Billy Driver v. DGS Calif. Dept. of General Services, case no. 20STCPO3836, is a state court action currently pending in Los Angeles County Superior Court. Defendants request that the court take judicial notice of the docket sheet from this state court action. (ECF Nos. 202-1, 202-2.) The undersigned takes judicial notice of the docket sheet from this state court action. Fed. R. Evid. 201(c); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The docket sheet from this action describes the case type as "Administrative Agency Award (not unpaid taxes)." (ECF No. 202-2 at 2.)

The court is not authorized to consolidate the instant action with a case proceeding in state court. Devenny v. Lakewood Fire District 2, 2010 WL 11685177, at *2 (W.D. Wash. June 1, 2010) ("Neither the Priority of Action Doctrine nor Fed. R. Civ. P. 42(a) authorize a federal court to take a lawsuit filed in a state court and consolidate it with a lawsuit filed in a federal court ..."); 9A C. Wright & A. Miller, Federal Practice and Procedure § 2382 (3d. ed. Nov. 2018) ("a court may not consolidate an action pending in federal court with an action pending in state court.").

Accordingly, plaintiff's request to consolidate the instant action with his action pending in state court is denied.

Plaintiff's Motion for Injunctive Relief

Plaintiff filed a request for injunctive relief related to the merits of this action. (ECF No. 195-2.) The undersigned will separately address this request in findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for access to his legal property and sanctions against Litigation Coordinator Hightower (ECF Nos. 195, 205) are denied;
2. Plaintiff's motions for appointment of counsel (ECF Nos. 196, 205, 207) are denied;
3. Plaintiff's motions to use e-filing and for access to stamps and envelopes (ECF Nos. 197, 205) are denied;

////

4. Plaintiff's request to consolidate (ECF No. 198) is denied.

Dated: December 13, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Driv1665.den